DAVID B. NICHOLS vs. THE CITY OF BRIDGEPORT.

Where a case has been reserved by the superior court, upon a statement of facts made by the judge, for the advice of this court as to the judgment to be rendered, and the parties have been heard on the questions of law arising on such facts and judgment rendered by the superior court in accordance with the advice so given, this court will not, on a writ of error from such judgment, consider again the questions of law arising on such facts.

A statement of facts made by a judge of the superior court in such a case for the purpose of taking the advice of this court thereon, is not a judicial finding of the facts, and does not become a part of the record of the case, but is a mere informal statement for the single purpose of taking advice thereon, and when the advice is rendered, has performed its office and is of no further effect.

WRIT OF ERROR. The same case had been formerly reserved by the superior court for the advice of this court, and judgment had been rendered in accordance with the advice given. See 23 Conn., 189. The writ of error set out, as a part of the record of the case, the statement of facts made at that time by the judge of the superior court for the advice of this court thereon and upon which the advice of this court

had been given, and the assignment of errors was based upon the facts so stated. There was no other finding of the facts.

The counsel for the plaintiff in error were about to argue the case on its merits, when the chief justice suggested that, as the case had once been before them on the same record, upon a reservation for advice, they could not now entertain it for the purpose of reconsidering their former opinion ; referring to the recent decision of the court on the subject in the case of *Smith* v. *Lewis,* not then reported. (26 Conn., 110.) This led to a discussion, to which the argument on both sides was mainly confined, of the question whether the writ of error ought to be entertained.

*Hawley* and *Beardsley,* for the plaintiff in error.

Since the decision of this case on the former hearing, the supreme court, on precisely the same state of facts, in the case of *Judson* v. *City of Bridgeport,* 25 Conn., 426, has held the proceedings under which the benefits were assessed to have been invalid by reason of the invalidity of the assessment of the damages for the payment of which the benefits were assessed. We claimed on the former hearing that the assessment of benefits was invalid, although not for this precise reason. And although we have intended to ask the court directly to review its former opinion, yet the judgment can be reversed on the errors now assigned without any impeachment of the former decision of the court, as the ground of invalidity now claimed was not then suggested. The ruling of the court in the case of *Smith* v. *Lewis,* went no further, as we understand it, than that the court would not directly revise its own opinion. But, if we asked the court to do this, we consider it as our right that it should be done. A writ of error is a matter of right. The court might, perhaps, as it has done, make a rule that no bill of exceptions shall be allowed, though the legality of such a rule may be questionable, but it clearly has no right to deny a party his writ of error. The writ of error being regularly before the court, it is the duty of the court to decide whether there is error or not in the record. If there is error in the record, as the court has

decided that there is in the case of *Judson* v. *City of Bridgeport*, before referred to, then it should be so declared, and the erroneous judgment should be reversed. It is contrary to justice, and to all practice, that the court should affirm a judgment that is manifestly erroneous. In asking the court even directly to review its own opinion, we should be doing only what is done in every case where a former decision is called in question, and this is often effectually done, as we see in the not infrequent reversals by the court of former decisions. The great object should be to do justice, and not merely to preserve the consistency of the court. But we ask for nothing that will involve any inconsistency in the action of the court, the ground of the invalidity of the proceedings now claimed not having been suggested or considered on the former trial.

*Dutton* and *Loomis*, for the defendants in error.

The judgment brought up on the writ of error as erroneous, was rendered by the superior court on the advice of this court. That advice was given upon a full consideration of the case and after hearing the plaintiff in error fully upon it. A judgment so rendered ought not to be considered as longer open to objection, so far as the errors now claimed were then equally apparent on the record. And that they were equally apparent is obvious from the fact that it is in all respects the same record as was then before the court. The case now presented is the same precise case then presented. The plaintiff in error does not deny this, but claims that he can now suggest a new reason against the judgment that did not occur to him at that time. There are no new facts, only a new consideration growing out of those facts. The gentlemen say, however, that they have a right to their writ of error. But it was on a proceeding in error that the court, in the recent case referred to by the chief justice, held that they would not consider again in that proceeding a case which, on the same facts, had once been reserved for their advice. The court will never consider errors, however apparent, that are not specially assigned; and the considerations which

might have been urged on the former trial but which were not suggested, are to be regarded in the same light as errors not assigned, the refusal of the court to consider which does no injustice to the party.

STORRS, C. J. We recently held, in the case of *Smith* v. *Lewis*, (26 Conn., 110,) that it was not competent for a party, after a case had been reserved for our advice, to review, by writ of error, questions which were involved and decided by us on such reservation. Those decisions would of course embrace the subordinate points involved in those questions and upon which they must have depended. We think that that case should govern the present in regard to all the questions which have been now made before us, and that the decisions which we made when this case was reserved must be deemed to be the law of the case on this writ of error, although they would not preclude parties in other cases involving the same points from reviewing them. On reconsidering this subject we are confirmed in the opinion that *Smith* v. *Lewis* was correctly disposed of, and that any other course would be erroneous in principle and attended not only with much inconvenience but positive injustice. The practice of reserving questions of law by the superior court for the advice of this court has long prevailed, and been sanctioned by statute, and has admirably answered the purpose for which it was introduced. It was adopted for the purpose, among others, of relieving the former court and facilitating its business, and also for the benefit of its suitors by procuring in that mode in advance the opinion of this court on questions of difficulty or importance which might otherwise after the final determination of a case be brought before us by a writ of error, and thus settling, at the earliest practicable period, points arising on the trial of the case or in the previous stages of it, which otherwise could be reviewed only by writ of error, and where the reversal of the decisions on them would be attended with great, and as the event would prove, useless delay and expense already sustained, in addition to that which would be afterwards incurred by another trial of

the case. A reference to a case reserved for the opinion of this court on a demurrer to a declaration at law or bill in equity, or on facts specially found by the court or jury, or on a motion for a new trial for alleged errors in the rulings or charge of the superior court, will at once suggest other and very great advantages, which it is unnecessary to specify, attending the practice of reserving questions for our advice. Indeed the present rule, which was made in 1807, abolishing bills of exceptions, and consequently writs of error, in all cases where the error does not appear upon the pleadings, and adopting in lieu of them motions for new trials, which has proved to be most salutary in its operation, was established mainly for the purpose of preventing the injustice arising from the reversal of judgments and decisions on points which did not affect the substantial merits or justice of the case, which, being erroneous, was, notwithstanding, according to the strict and technical rules applicable to writs of error, liable to inevitable reversal on that proceeding; whereas, on a motion for a new trial, which was substituted in its place, the case could be disposed of, in the sound discretion which the court on such motions will exercise, according to its just and substantial merits. It is quite obvious that the allowance of a practice by which questions decided by us on a reservation of them for our opinion might be afterwards raised again on a writ of error brought before us, would do away with the great advantages of such reservations, and render them not merely useless, but very burdensome as to both the increased expense and delay of the litigation. And there is not only no occasion for reviewing the questions decided by us on such reservations, since those questions, when so reserved, although brought before us informally, are considered and examined as deliberately and carefully as if they were presented by writ of error, but the allowance of such review would give the complaining party the benefit of a reargument, to which he ought not to be entitled unless for special cause apparent to this court, and which it is in his power to obtain by a regular application for that purpose if sufficient reasons for it are shown. Nor do we think that, in

coming to this result, we are obnoxious to the charge of illegally or improperly depriving parties of the opportunity to review questions by the peculiar proceeding of a writ of error, as they have the substantial benefits of that proceeding in the course which we have thus prescribed. We are therefore of the opinion, that, as the questions now raised in this case have heretofore been decided by us upon its reservation, (23 Conn., 189,) they are not now open to argument on this writ of error.

But, independently of this objection, and supposing that the plaintiff in error is not precluded from re-arguing the questions sought now to be presented, and which we have before decided in this case on its reservation, we are of the opinion that those questions are not legally presented in this record, and for that reason also can not properly be examined on this writ of error. No error is claimed to exist in the proceedings of the superior court excepting such as appears on the former reservation of facts by that court for our advice. The plaintiff in error has assumed that that reservation is to be considered as a finding of facts by that court, and on which its judgment for the defendant below was rendered, and hence that such reservation is to be deemed to be a part of the record in the case. We think that this is an erroneous view of the subject. The facts stated in that reservation were not stated as a finding of the facts in the case, for the purpose of precluding the parties in regard to those facts as having been found of record, or of having it appear that the judgment of that court was founded on them, or that its judgment was a legal conclusion from those facts, but only for the purpose of informally presenting those facts, or the evidence of them, to this court, and taking our advice on the question whether they entitled the plaintiff to recover, and to guide the action of the superior court as to what judgment it should render in the case upon the issue presented on the pleadings in it; and that issue was only whether the defendants assumed and promised in manner and form as alleged in the declaration. After such reservation that court continued the case only for the purpose of taking our advice, and

that being given, rendered judgment at its next term conformably to it. Between the reservation of the case and the term to which it had been continued to await our advice, it is obvious that there were no proceedings in the superior court, and that whatever proceedings took place in the case were in this court, and consequently that there were no proceedings, excepting the continuance of it, which it was the duty or province of the clerk of the superior court, or which it would have been proper for him, to record as a part of the doings of that court; and, plainly, it is only of the doings of that court that the plaintiff in error can complain on this writ of error. Such being the case, the reservation by that court can not properly be regarded as a part of its record, notwithstanding it has been inserted, as if it were a part of it, by the clerk or certified by him to be such; for if it is not, in its nature, a proper matter of record in the case, it can not be made such by the mere circumstance that it has been so inserted or attested. He can not make it a record, if, from its qualities, it is not so, either by treating it as such or calling it by that name. We must, in determining whether it is a part of what is properly the record in the case, look at its real character and object; and if it appears that the paper constituting the reservation is not one of which it can legally be predicated that it is a matter of record, it should no more be regarded or treated as an entry of that description than any other paper, incorporated by the clerk into the proceedings in the case, which should contain statements of facts or circumstances of the most irrelevant, immaterial, or trifling character, and which would not constitute that history, as it is termed, of the proceedings in the case, of which it is usual and necessary to preserve a memorial, in the shape of a record by the officer of the court appointed for that purpose, with whatever solemnity of form it may be stated, or however it may be mingled with other statements which are proper matters of record and therefore constitute a part of the record proper. Although, in the general description of a judicial record in the elementary books, it is said to be a memorial or

history of the proceedings in a cause, it is not true, as is apparent from the precedents of entries, nor is it intended to be understood, that it necessarily or usually embraces all those proceedings; for, as is well known, there are many proceedings of a court, during the progress of a case, of which no minute or record is made, or notice in any manner taken by the recording officer; among which may be instanced motions to amend pleadings, for bonds for prosecution, for an extension of the time to plead, for the postponement or continuance of a case, and for a bill of particulars.   These are intermediate proceedings, of an informal, collateral, and, so to speak, accidental and unsolemn character, not involving directly the merits of the case, but usually appertaining rather to the modes of proceeding, and of which it is not considered necessary or important that they should be noticed in the record.   But even rulings of the court on the trial of a case in regard to the admission or rejection of evidence, and the instructions of the court to the jury, which affect in the most direct and vital manner the rights of the parties, are not entered on the record as a matter of course, and no notice is there taken of them unless they are brought upon it, and thus made a part of it, by a bill of exceptions allowed for that purpose.   It would hardly be claimed that, although such rulings and instructions were stated by the clerk, in connection with his record, they would be noticed on a writ of error, unless they were regularly and formally made a part of the record by a bill of exceptions appearing to have been allowed by the court.   Introduced thus without its authority, such statement would be regarded only as the relation of irrelevant matter, and would be entitled to no more notice by the revising tribunal than if made by any other person.   Hence, in this case, if the reservation by the superior court was not in its nature a proper matter to be entered, as of course and duty, by its clerk upon his record, and was not expressly made a part of it by the court, this court, which can look only at the veritable and proper record, can not regard it as regularly or legally before us for consideration.   Looking at the character of that reservation and its object, we are clearly of the opinion that

it was not one of those proceedings which was a proper matter to be made the subject of a record, or that it was intended to be treated as such, and that it was not incumbent on the clerk to record the fact that the case was reserved for the advice of this court, or what that advice was. We think also, that if the paper containing the reservation were even properly placed upon the record, it would present nothing for our revision on this writ of error, and that looking at its object and design, we could properly regard it, as it appears on its face to be, only as an informal communication which had been made to this court for a specific and limited purpose, the obtaining of our advice, and as having accomplished its office when that purpose was effected. (See *Chambers* v. *Campbell*, 15 Conn., 427.)

In order to guard against any misconception of the extent of the present decision, we would remark that we do not intend to express any opinion upon the point, whether a writ of error would lie from the judgment of a court, where, in an action at law tried by it on an issue of fact, it had found and placed on the record the facts proved on the trial, and it expressly appeared that, upon those facts, the ultimate fact involved in the issue formed and presented by the pleadings was found and judgment rendered. The present case, according to the view we have taken of it, requires no decision of that question.

For these reasons there is nothing erroneous in the judgment complained of.

In this opinion the other judges concurred.

Judgment affirmed