32 663
77 451

THE STATE VS. HAYDEN.

(1) *Action for penalty for obstructing highway, a civil action.* (2-4) *Power of town supervisors over " territorial road." Sec.* 90, *ch.* 19, *R. S., and sec.* 90, *ch.* 152, *Laws of* 1869.

1. An action in the name of the state to recover the penalty given by the statute for the willful obstruction of a public highway (R. S., ch. 19, sec. 101; Laws of 1869, ch. 152, sec. 101), is a *civil action* (R. S., ch. 155, secs. 1 and 8), and not a criminal prosecution; and the state may have a judgment for the defendant reviewed on appeal.
2. The power of town boards of supervisors over " territorial roads," conferred by sec 90, ch. 19, R. S., still remains, and was not taken away by sec 90, ch. 152, Laws of 1869.
3. But a town board has no power, under said sec. 90, ch. 19, R. S., to alter a territorial road, unless the same lies " wholly within such town; " and these words in that statute are *held* to define a road which begins and ends within the town limits.
4. LYON, J., is of opinion that the words " state road," in sec. 90, ch. 152, Laws of 1869, should be construed as applying to all roads established by the legislature, whether of the state or territory, without the intervention of county or town authority; and that the section prohibits town supervisors from altering, vacating or discontinuing any such road.

APPEAL from the Circuit Court for *Grant* County.

Action, commenced in justice's court, to recover the statutory penalty for obstructing a highway. Answer, no highway, and that defendant had title to the *locus in quo;* and the cause was duly removed to the circuit court. It appeared from the evidence there introduced, that commissioners appointed by an

act of the territorial legislature, entitled "an act to locate a territorial road in Grant and Iowa counties," approved June 23, 1838, had laid out, in pursuance of that act, during the same year, a road from Osceola, in Grant county, to Belmont, in Iowa (now La Fayette) county; that the same had been opened and traveled for many years; that it ran over certain land of the defendant in the town of Platteville in Grant county; that in 1869 the supervisors of said town made an order for altering the location of said road within said town; that the proceedings were regular and the alteration legally made, if said supervisors had any authority to alter the location of said road; and that defendant, after the construction of the new line of road as thus located, obstructed the original track across his land, which was the obstruction here complained of.

The court instructed the jury that the question in the case was, whether the old road across the premises in dispute had been discontinued in consequence of the order altering said old road; that an alteration of a road implies a discontinuance of the old highway between the points affected by such alteration; and that defendant was entitled to a verdict.

Verdict for the defendant; new trial denied; and plaintiff appealed from the judgment.

The respondent moved this court to dismiss the appeal.

*Bell & Beebe*, for the motion, argued that an obstruction of a public highway is a nuisance at the common law, and the maintenance of such an obstruction is a *misdemeanor*, for which an indictment lies (4 Black. Com., 5, 167; 5 Bac. Ab., tit. "Highway," E., and "Nuisance," D.; 1 Hawk. P. C., ch. 5, sec. 1, and ch. 76; 1 Archb. Cr. L., 3, note 3; id., 985; 1 Whart. Cr. L., ch. 1, sec. 13; 2 id., secs. 2402 et seq.; 1 Russell on Cr., 46; Barb. Cr. L., 219, 238–9); and that every action prosecuted by the people of the state as a party, against a person charged with a public offense, for the *punishment* thereof, is a *criminal* action (R. S., ch. 122, secs. 5, 6; 2 Tay. Stats., 1418, §§ 5, 6); that therefore this action in the name of the state to recover a *pen-*

*alty* for a misdemeanor was a criminal action; that sec. 101, ch. 152, Laws of 1869, does not attempt to change the nature of the offense, or deprive it · of the character of a misdemeanor, but only to limit the punishment for the offense; that if before the passage of that act the obstruction of a highway was criminal, and punishable by the state only in a criminal action, it is so still (1 Whart. Cr. L., § 10, subd. 3, and § 11; Barb. Cr. L., 238; 2 Rolle's Abr., 82; 2 Hale, 190; 1 Saund., 135 and notes; *Comm. v. Searle*, 2 Binney, 332; *Howland v. Needham*, 10 Wis., 495); that where an offense was punishable at common law, if the statute prescribe a new remedy, unless there are negative words excluding all others, the new remedy is merely *cumulative* (Ang. on Highways, §§ 222, 236; 1 Russ. on Crimes, 371; *State v. Wilkinson*, 2 Vt., 480; *Comm. v. King*, 13 Met., 115; *Wetmore v. Tracy*, 14 Wend., 250); and that sec. 1, ch. 155, R. S., permits a penalty or forfeiture to be recovered in a civil action only in a case where "the act or omission for which the same is imposed *shall not also be a misdemeanor.*" 2. If this action is criminal, or even *quasi* criminal, an appeal will not lie on behalf of the state, after a trial and acquittal of defendant, and a judgment in his favor. Const. of Wis., art. I., sec. 8; Burnett, 119; 12 Wis., 561; 13 id., 368, 663; 17 id., 669; 18 id., 166; 19 id., 235; 2 Cush., 212; 1 Scam., 257, 557; 2 Va. Cas., 202; 7 Ga., 422; 11 id., 225; 1 Archb. Cr. L., 719, 721, 725; 2 Whart. Cr. L., 305 et seq.; 1 Russ. on Cr., 371; *People v. Comstock*, 8 Wend., 549; *Rex v. Inhabitants etc.*, 1 Barn. & Ald., 63; *Rex v. Inhabitants etc.*, id., 67. The statutes in relation to appeals in criminal cases give the right of appeal to the defendant only. R. S., ch. 180, secs. 1, 7–10; Laws of 1869, ch. 108, secs. 1, 2; Laws of 1871, ch. 137, sec. 47; 2 Tay. Stats., 1944 et seq.

*Wm. E. Carter, contra*, cited secs. 1, 2, 6, 8, ch. 155, R. S.; sec. 101, ch. 152, Laws of 1869; 1 Tay. Stats., § 137; and contended that it was apparent from these provisions that this was a *civil action*, to be conducted in all respects as other personal

actions (*State v. Doane*, 14 Wis., 483), and either party might appeal. 2 Tay. Stats., 1631, § 2. It is only in criminal cases proper that an appeal or writ of error will not lie in behalf of the state. *U. S. v. Salter*, Burnett, 119 (1 Pinney, 278); *State v. Kemp*, 17 Wis., 669; *People v. Corning*, 2 Coms., 9 and note (a). The writ of error issued in England on judgments against the crown upon *quo warranto* or outlawry. Opinion of Sen. HARD, cited in 2 Coms., *supra*. It has been doubted in England since the act of 27 Eliz., c. 8, whether a writ of error lies to the Exchequer Chamber in a certain class of *qui tam* actions; but this doubt arises upon the language of that statute, and not from the common law. Tidd's Pr., 1063. Proceedings to recover penalties, whether in the form of *qui tam* actions or brought as in this case, have always been held, both in England and in this country, to be civil and not criminal. 1 Bish. Cr. L., § 32 and cases their cited; *Lynch v. Steamer Economy*, 27 Wis., 71; *State v. Doane*, 14 id., 483. But, however that may be, the legislature may declare that they shall be treated as civil cases for all purposes; and it has so declared.

The motion to dismiss the appeal was denied; and the cause came on for a hearing upon the merits.

*Wm. E. Carter*, for appellant, contended that the town board of supervisors had no authority to alter, vacate or discontinue the road in question. 1. He cited sec. 90, ch. 102, Laws of 1869 (Tay. Stats., 502, § 105), which prohibits such boards from altering, vacating or discontinuing " any and all state roads," and contended that the phrase " state roads " should be construed as including not only all roads laid out and established as state roads since the formation of the state government, but also all roads previously laid out as territorial roads. (1) All rights existing in the territory or in the people thereof at the time of the adoption of the state constitution, were thereafter vested in the state or the people thereof. Const., art. IX., sec. 2, and art. XIV., secs. 1 and 4. As to the right of the territory or state, or of the people thereof, in a highway, counsel cited *Gardiner*

*v. Tisdale*, 2 Wis., 153; *Kimball v. Kenosha*, 4 id., 330; *Harrison v. Brown*, 5 Wis., 31; *Goodall v. Milwaukee*, id., 41; 46 Me., 483; 13 Allen, 146, 211; 3 Green (N. J.), 390; 54 Pa. St., 361; 35 Ill., 460; 9 Iowa, 594; *Barbin v. Police Jury*, 15 La. Ann., 544; sec. 52, ch. 57, Laws of 1838; Terr. Stats. 1839, p. 112, §§ 49–51.   (2) The legislature may provide rules for the construction of statutes (*Prentiss v. Danaher*, 20 Wis., 311); and subd. 25, sec. 1, ch. 5, R. S., provides that the word "state" shall extend to and include "the several territories organized by congress."   (3) The sole object of statutory interpretation is to discover the *intention* of the framers (11 Wis., 345; 10 id., 165; 20 id., 386; 27 id., 408; 28 Vt., 354; 6 Cal., 47; 30 Miss., 410); and a statute must be construed with reference to the *object* intended to be accomplished by it, and so as to prevent the mischief and advance the remedy. *People v. Dana*, 22 Cal., 11; *Clark v. Janesville*, 10 Wis., 164; 1 Oregon, 364; 4 Mo., 283; 33 Ala., 674; *The Queen v. Allen*, Law. Rep., 1 Cr. Cases, 36; 30 Vt., 746; 12 La. Ann., 777; 14 Md., 184; 32 Ind., 313; 2 Abb., U. S., 448; 47 Mo., 382. But the object of the prohibition here in question is clearly to confine town supervisors, in altering or vacating roads, to such highways as have been laid out by the towns themselves. Laws of 1869, ch. 152, sec. 132 (Tay. Stats., 506, § 122).

*Bell & Beebe*, for respondent, argued that by sec. 1, ch. 152, Laws of 1869, town boards are authorized to "regulate roads already laid out, and to *alter* such of them as they shall deem inconvenient," and therefore the supervisors of the town of Platteville had authority to alter the road here in question unless prohibited by sec. 90 of the same act.   They further argued that the words "state roads" in said section were not designed to include territorial roads, citing secs. 89, 92, 93, 97, 99 and 100 of the same chapter, and also secs. 89, 90 and 92, ch. 19, R. S., secs. 83, 84, 85, ch. 16, R. S., and ch. 34, Laws of 1858, as recognizing a distinction between state and territorial roads.   Counsel also contended that as the territorial

roads were laid out at an early day when land was of little value, and settlements few and small, and when roads were located merely to suit the convenience of a few scattered hamlets, there was a good reason why the legislature of 1869 should leave town boards the power of altering such highways within their limits, while denying them such power over roads more recently established under state authority.    2.  Even if sec. 90, ch. 19, R. S., is not wholly repealed by sec. 90, ch. 152, Laws of 1869, but still remains in force as to United States and territorial roads, the town supervisors had power to alter the road in question, because said road, where altered, lay "wholly within said town," within the true meaning of said section.    Counsel here argued that the words quoted were designed merely to distinguish a road passing through the body of a town from one laid *on a town line*, and that they had always been so understood.

The following opinion was filed at the January term, 1873.

COLE, J.   A motion was made to dismiss the appeal in this case; and, although that motion has already been decided, yet no opinion has been filed indicating the view we took of the questions raised by it.    The point is deemed of sufficient importance to justify a few remarks before we proceed to consider the case upon the merits.

The action is brought to recover the penalty given by the statute for the willful obstruction of a public highway.    Sec. 101, ch. 19, R. S.; also sec. 101, ch. 152, Laws of 1869.    On the trial the verdict was for the defendant; and the state has brought the case to this court to review exceptions taken to the rulings of the court below.    And the objection is, that the action is criminal in its nature, and that the state is not entitled to an appeal or writ of error in such an action.

We think, however, that counsel are mistaken in supposing that this is a criminal proceeding within the meaning of that clause of the constitution which provides that "no person for

the same offense shall be put twice in jeopardy of punishment."
This action to recover a penalty imposed by statute for the
willful obstruction of a highway more properly falls within
the definition of a civil action. Sec. 1, ch. 155, R. S., enacts
that in all cases not otherwise specially provided for by law,
where a penalty or forfeiture shall be incurred by any person,
and the act or omission for which the same is imposed shall
not also be a misdemeanor, such penalty or forfeiture may be
sued for and recovered in a *civil action.* The next section pro-
vides that such action, unless otherwise directed, shall be
brought in the name of the state, and shall be conducted and
prosecuted in the same manner as personal actions, and shall
be subject to all the provisions of law concerning personal ac-
tions which are not repugnant to the provisions of that chap-
ter. And section eight defines a misdemeanor for the purposes
of that statute to be an act or omission punishable according
to law, or in the discretion of the court, by a fine, penalty or
forfeiture, *and imprisonment.* The act of a willful obstruction
of a public highway subjects the offender to a penalty alone,
and not to both penalty and imprisonment. This we deem
conclusive under our statute, regardless of the question
whether the act of willfully obstructing a public highway was
a misdemeanor at common law or not. The statute has made
this proceeding a civil action, and the provisions of law con-
cerning personal actions apply to it. The state had the right
to take an appeal, as it did do.

The other question arising upon this record is one of
more embarrassment, owing to the want of a well digested
statute in regard to public highways and the powers of town
boards of supervisors in respect to them. In the case before
us the supervisors of the town of Platteville made an order
altering, within certain limits, a highway laid out by commis-
sioners in 1838, under an act of the territorial legislature, from
Osceola to Belmont. And it is for placing obstructions in the
old road where this alteration was made, that the defendant is

prosecuted.   The counsel for the state contends that the town board had no authority to alter a state or territorial road, but were absolutely prohibited from doing so by section 90, ch. 152, Laws of 1869.   By that section power was conferred upon the county board of supervisors of any county through which any state road should pass, to alter the same within the limits of their county in the same manner they were authorized to alter county roads, but with the limitation that they should not discontinue any such road unless the same should lie wholly within the county.   And then follows this language :   " Town boards of supervisors are hereby prohibited from altering, changing, vacating or discontinuing any and all *state* roads."

Now it is said by the counsel for the plaintiff, that the words "all state roads," as used in this provision, refer to and include not only those highways which were laid out and established by the state since the formation of the state government, but also all the roads which were laid out as territorial roads, and therefore the prohibition upon the town board applies in all cases.

We should have no serious difficulty in sustaining this view of the matter were this the only provision of the statute bearing upon the question; but it is not.   On the contrary, the legislature seem, in the enactments upon the subject, to make a distinction between state roads and territorial roads.   This, we think, will be apparent upon a careful examination of the various provisions of the statute where these two classes of highways are recognized.   It may not be easy to assign any satisfactory reason for the distinction, and for giving the town board power to alter a territorial road within certain limits, while expressly prohibiting them from changing a state road in any case.   But such seems to be the condition of the statutory law.   The law of 1869 professes to be a codification of the statutes relating to highways, and in most particulars supersedes the former statute.   But it does not entirely do away with previous provisions.   For instance, section 90, ch. 19, R. S., re-

mains, as we understand, in full force so far as territorial roads are concerned. In respect to that class of highways it is only contended that the power of the town board over them is taken away by necessary implication, because, as was just observed, the words "state roads," in the law of 1869, included all territorial roads. But we think that construction inadmissible, in view of the fact that the legislature have enumerated both territorial and state roads (see sec. 89, ch. 152) in the statutes — a thing they would hardly have done had the intention been to include both classes of roads under one term. We therefore conclude that the power of the town board over territorial roads, as conferred by section 90, ch. 19, R. S., still remains. And this being so, how does it affect this case? Here the town board attempted to alter a territorial road which extended from Osceola to Belmont. This they had no power to do, since this section only authorized them to alter such a road when it lay "*wholly within such town*." It is said by the counsel for the defendant, that this language was not intended to restrict the power of the town board to the alteration of a territorial road which should lie wholly within the town — in other words, to a road which should begin and end within the town limits, but that it refers to roads laid on town lines, which lie partly in one town and partly in another. But the plain intent of the statute is, as gathered from the other provisions, to require that a highway laid upon the line between two towns should only be changed by the concurrent action of the supervisors of each of such towns, and therefore we do not think the language above quoted applies to that class of highways. Plainly the statute gives the supervisors of the town through which any territorial road shall pass, "*when such road lies wholly within such town*," the power to alter the same. This is the obvious meaning of the language employed by the legislature.

The court below assumed, and so in effect instructed the jury, that the supervisors of the town of Platteville had authority to alter this road. In this we think there was error.

*By the Court.* — The judgment of the circuit court is reversed, and a new trial ordered.

On a motion for a rehearing, the defendant's counsel cited the title of ch. 152, Laws of 1869 (" An act to codify the laws of this state relating to highways and bridges "), and argued both from this title (*Conn. Ins. Co. v. Albert*, 39 Mo., 181; *Jackson v. Gilbert*, 15 Johns., 89, 116; *Crespigny v. Wittenoom*, 4 Term, 793; *Supervisors of Niagara v. People*, 7 Hill, 511; Bac. Abr., tit. "Statutes;" Dwarris on Stat., \*654), and also from a comparison of the act with ch. 19, R. S., and the subsequent statutes relating to the same subject prior to 1869, that the act of 1869 was intended as a complete revision and codification of all the laws of this state relating to highways and bridges, and should be regarded as virtually *repealing* ch. 19, R. S.   Sedgw. on Stat. & Con. Law, 126; *Bartlett v. King*, 12 Mass., 563; *Comm. v. Marshall*, 11 Pick., 350–1; *Ellis v. Paige*, 1 id., 45; *Constantine v. Van Winkle*, 6 Hill, 184–5; *Burlander v. R. R. Co.*, 26 Wis., 76, 77; *Buck v. Shofford*, 31 Me., 134; *Ill. & Mich. Canal Co. v. Chicago*, 14 Ill., 334; *Goddard v. Boston*, 20 Pick., 410; *Nichols v. Squire*, 5 id., 168; *Comm. v. Cooley*, 10 id., 39.   2. They also argued further from the phraseology of sec. 90, ch. 19, R. S., that the words "when such road lies wholly within such town" can only be understood of a road not located upon a town line, but whose *whole breadth* is within the town "through which" it "shall pass;" the supervisors being authorized in that case "to alter the same *within their town*" — an expression which cannot be supposed to have been used of a road whose *whole length* was within such town.

The appeal was finally disposed of at the June term, 1873.

LYON, J.   There are two theories of this case, which lead to the same result, although they are not consistent with each other.   One is that adopted by the court, to the effect that the law of 1869 (ch. 152) does not operate as a repeal of section

90, ch. 19, R. S., but leaves the restrictions therein contained on the powers of town supervisors over territorial roads still in force. The other is, that the term "state road," as used in sections 90 and 97 of the law of 1869, is there used in a generic sense, and includes roads laid out and established by the direct action of the *territorial* as well as of the *state* legislature.

When this cause was first considered, I was strongly inclined to think that the latter is the true theory; and a further consideration of the case on this motion has confirmed me in that view. I can see no good reason why the town supervisors should be vested with powers over roads established by the territorial legislature, which they are prohibited from exercising over roads of the same character established by the state legislature. If the town supervisors may not interfere with a road from A. to B. established by the legislature of 1849, why should they be permitted to interfere with a road between the same points established by the legislature of 1847? The reasons for the restriction upon the powers of the town authorities are the same in either case, and I cannot think that the law of 1869 contemplates that there shall be a restriction upon such powers in one case and none in the other.

In my opinion it accords best with sound rules of statutory construction, to hold that the term "state road," as used in that law, includes all roads established by the legislature without the intervention of county or town authority, whether the same were established before or since we became a state. The use of the term "territorial road" in sec. 89 of the law of 1869, it seems to me, is too slight a circumstance to justify us in so construing the statute as to defeat its plain and obvious purpose and intention.

Entertaining these views, I am prepared to admit that sec. 90 of ch. 19 of the revised statutes is repealed by the act of 1869, in so far as the two statutes are in conflict, and that the former opinion is, in that respect, erroneous. But, for reasons already stated, such error (if it be an error) does not change the result.

I think that the case was correctly decided, and that the motion for a rehearing should be denied.

*By the Court.* — Motion denied.