STOLTMAN, Plaintiff in error, vs. THE TOWN OF LAKE, Defendant in error.

*February 23—March 14, 1905.*

*Justices' courts in Milwaukee county: Jurisdiction: Violation of municipal ordinances: Orders of board of health: "Fines:" Appeal.*

1. The jurisdiction which, by sec. 5, ch. 218, Laws of 1899, as amended by sec. 1, ch. 70, Laws of 1901, and by ch. 388, Laws of 1903, is preserved to justices of the peace in Milwaukee county outside of the city of Milwaukee as to violations of ordinances of their respective municipalities, extends only to those violations for which the prosecution is to be by civil action in the name of the municipality, under sec. 3294, Stats. 1898; and offenses which are misdemeanors as defined in said sec. 3294, punishable by fine or imprisonment or both in an action in the name of the state, are not within such jurisdiction.

2. Thus, the violation of an ordinance or regulation of the board of health of a town in Milwaukee county, punishable only

under sec. 4608, Stats. 1898, by imprisonment or by fine, is not within the jurisdiction of a justice of the peace of such town.
3. The word "fine," as used in sec. 3294, Stats. 1898, does not include those forfeitures, sometimes called fines, imposed by municipal corporations for violating their ordinances.
4. An appeal from the judgment of a justice of the peace who had no jurisdiction of the subject matter confers no jurisdiction upon the appellate court, and it should dismiss the case.

ERROR to review a judgment of the municipal court for Milwaukee county: A. C. BRAZEE, Judge. *Reversed.*

Plaintiff in error was convicted of having violated an ordinance or resolution of the board of health of the town of *Lake* prohibiting the bringing of any garbage, offal, night soil, refuse, dead dogs, dead horses, or the dead carcasses of other animals, except as may be designated for human food, for the purposes of burying, deposit, disposal, consumption, or any other purpose, into the town of *Lake,* and providing that any violation thereof should be punishable under sec. 4608, Stats. 1898. The proceedings at first were before a justice of the peace of the town of *Lake* in Milwaukee county, Wisconsin.

The judgment of the justice was appealed to the municipal court for Milwaukee county. Upon the hearing there it was shown that the board of health of the town of *Lake* in form adopted the regulation alleged to have been violated, pursuant to sec. 1411, Stats. 1898. It was further shown that plaintiff in error violated said regulation. Thereupon he was in due form convicted, and upon such conviction was sentenced to pay a fine of $5 and costs, and in default thereof to be imprisoned in the house of correction not exceeding thirty days. The sentence was imposed under sec. 4608, Stats. 1898.

For the plaintiff in error the cause was submitted on the brief of *J. M. Clarke.*

For the defendant in error there was a brief by *Boden & Beuscher,* and oral argument by *F. X. Boden.*

Marshall, J.   Whether the health regulation plaintiff in error was convicted of having violated is valid under the rules laid down in *State ex rel. Adams v. Burdge,* 95 Wis. 390, 70 N. W. 347, we need not determine, since there is another question involved in the appeal, the proper solution of which, it seems, is fatal to the judgment of the municipal court.

It is conceded, as the fact is, that unless the regulation is an ordinance within the meaning of ch. 388, Laws of 1903, the justice usurped authority in exercising jurisdiction in this matter.   By sec. 5, ch. 218, Laws of 1899, the jurisdiction of a justice of the peace of Milwaukee county to try and determine criminal actions was taken away and vested in the district court.   This is the language in that regard:

"Said district court shall have exclusive jurisdiction . . . to hear, try and determine all charges or offenses arising within said county of Milwaukee, the punishment whereof does not exceed one year's imprisonment in the state prison or county jail or a fine of five hundred dollars, or both such fine and imprisonment; to hear, try and determine all charges for misdemeanors arising within said county, otherwise triable before a justice of the peace."

By sec. 1, ch. 70, Laws of 1901, and ch. 388, Laws of 1903, that was amended by adding these words:

"Nothing herein contained shall be construed to deprive any justice of the peace of any town, or any city or village justice in any incorporated city or village in Milwaukee county, except only the city of Milwaukee, of jurisdiction to hear, try and determine complaints for the violation of any ordinance of any such town, city or village."

Thus it may be seen that the jurisdiction of a justice of the peace of Milwaukee county, outside of the city of Milwaukee, was by legislative construction made certain as to violations of municipal ordinances of his town, city, or village, and the exclusive trial jurisdiction of the district court was likewise made clear as to criminal offenses committed in said county, punishable by imprisonment in the state prison or county jail.

not exceeding one year, or by a fine not exceeding $500, or by both such fine and imprisonment.

It seems plain from this that the purpose of the legislature was to vest in the district court exclusive jurisdiction as to all crimes and misdemeanors, so called, required to be prosecuted by action in the name of the state, and to preserve to justices in Milwaukee county, outside of the city of Milwaukee, trial jurisdiction as to mere violations of ordinances in their respective municipalities, which by statute are to be prosecuted as civil actions in the names of such municipalities · under sec. 3294, Stats. 1898, which provides that:

"In all cases, not otherwise specially provided for by law, where a forfeiture shall be incurred by any person and the act or omission for which the same is imposed shall not also be a misdemeanor, such forfeiture may be sued for and recovered in a civil action. When such act or omission is punishable by fine and imprisonment or by fine or imprisonment or is specially declared by law to be a misdemeanor it shall be deemed a misdemeanor within the meaning of this chapter. The word forfeiture, as used in this chapter, shall include any penalty, in money or goods, other than a fine."

Thus it will be seen that every offense punishable by fine or imprisonment or both is, at least, a misdemeanor, which concerns the state at large, not specially any municipality. It is not one of those mere local regulations, punishable generally as a mere liability to the particular municipality in which it occurs by a forfeiture recoverable in a civil action. The distinction between the two classes of offenses was very clearly pointed out in *Oshkosh v. Schwartz,* 55 Wis. 483, 13 N. W. 552. That case leaves no room for doubt that an offense, punishable otherwise than by a mere forfeiture recoverable as a civil liability with or without power to enforce the judgment for such recovery by confining the offender till he shall pay such judgment, is a misdemeanor or something worse, and is punishable by an action in the name of the state in the absence of some special authority to the contrary. The

word "fine" as used in sec. 3294 is used in the same sense as the same word in sec. 2, art. X, of the constitution. It does not include those forfeitures, sometimes called fines, imposed by municipal corporations for violating their ordinances.

The regulation in question contains no provision for a penalty for its violation. It is only punishable, if at all, under sec. 4608, Stats. 1898. That provides that "any person who shall wilfully violate," etc., "any order or regulation of any board of health, lawfully made and duly published, shall be punished by imprisonment in the county jail not more than three months or by a fine not exceeding one hundred dollars." Reading that in connection with sec. 3294, it will be seen that such a violation is a misdemeanor punishable as other offenses of that nature in the name of the state, and not one of those liabilities to a municipality which, by legislative construction if that were necessary, was excepted out of the grant of exclusive trial jurisdiction conferred upon the district court of Milwaukee county as to misdemeanors. The language conferring such exclusive jurisdiction does not necessarily, if at all, include violations of mere municipal by-laws, denominated "ordinances." Such violations are not offenses as the term is used in criminal law, but liabilities enforcible by civil actions. Manifestly, it is the latter which are referred to in the legislative construction of the grant to the district court of Milwaukee county of exclusive jurisdiction, not criminal offenses punishable by fine, strictly so called, or imprisonment, or both.

It follows from the foregoing that the justice of the peace was without jurisdiction to try the plaintiff in error. That went to the subject matter, hence the appeal from the judgment of the justice conferred no jurisdiction on the municipal court, and it should have dismissed the cause. *Klaise v. State,* 27 Wis. 462; *Butler v. Wagner,* 35 Wis. 54.

*By the Court.*—The judgment of the municipal court for Milwaukee county is reversed, and the cause remanded with directions to dismiss the proceedings.