STATE, Plaintiff, vs. KONKOL, Defendant.

*March 6—March 31, 1936.*

For the plaintiff there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt.*

For the defendant the cause was submitted on the brief of *W. E. Atwell* of Stevens Point.

WICKHEM, J.   As indicated by the certified questions, the information contained seven counts.   The first count charges that defendant, being at that time town chairman of the town of Stockton, had in his private employ one Victor Sankey; that defendant caused to be delivered to Sankey a town order directing the treasurer of the town of Stockton to pay to Sankey the sum of $6 of the town funds in payment for services rendered by Sankey to defendant personally, and not for services rendered to the town of Stockton.   This act is charged to constitute a violation of the provision of sec. 348.28, Stats. The other counts are identical except that each count relates to a different town order.   Hence, it will not be necessary to summarize the remaining counts.   The certification contains a statement by the trial court of the facts proved at the trial. From this statement, it appears that the orders involved in counts 1 and 2, while apparently issued to Sankey and indorsed by him, were in fact never delivered to Sankey or cashed by him.   It further appears that, upon a settlement between the town and defendant shortly after his arrest, these

orders were credited to the town. The orders involved in the remaining five counts were actually delivered to and cashed by Sankey. All of the orders were credited to the town in a settlement had with the town on March 26, 1935, four days after defendant's arrest. It appears from this settlement that, after crediting all of these orders to the town, defendant was still entitled to the sum of $35 as a balance owing to him. The statement of facts concludes with the following:

"The court being of the opinion that there has arisen in this case a question of law, which is so important and so doubtful as to require the decision of the supreme court thereon before finding the defendant guilty, or imposing any sentence against the defendant, and the defendant having in open court requested that the said questions of law be certified to the supreme court. . . ."

The questions heretofore quoted are thereafter set forth.

The basis for the jurisdiction of this court to pass upon certified questions is solely grounded on sec. 358.08, Stats., which reads as follows:

"If upon the trial of any person *who shall be convicted* in said circuit court any question of law shall arise which, in the opinion of the judge, shall be so important or so doubtful as to require the decision of the supreme court he shall, if the defendant desire it or consent thereto, report the case so far as may be necessary to present the question of law arising therein, and thereupon all proceedings in that court shall be stayed."

It has consistently been held in this state that, before a question may be certified, there must have been a conviction of the defendant. In order that there be such a conviction as will satisfy the statute, there must be either a verdict of a jury or a finding of guilty by the trial judge after waiver by defendant of a jury trial and consent to a trial by the court. *State v. Kneifle,* 12 Wis. * 439; *State v. Parish & Nichols,* 42 Wis. 625; *State v. Gross,* 62 Wis. 41, 21 N. W. 802;

*State v. Wentler,* 76 Wis. 89, 44 N. W. 841, 45 N. W. 816; *State v. Kaiser,* 214 Wis. 44, 252 N. W. 273.

We conclude that in this case, on the face of the record, there has been no conviction. The trial judge states that the question of law which has arisen requires the decision of this court thereon *before finding the defendant guilty.* The questions certified simply ask this court whether defendant should be found guilty.

We consider that this is not a satisfaction of the statute, nor does the recitation of facts proved at the trial constitute a satisfactory substitute for a finding of guilty. Not only is this conclusion necessary in view of the cases above cited, but it is a practical necessity in this particular case because of the form of the questions certified. If the doubtful question is whether a town chairman to whom money is owed by the town may, without committing malfeasance in office, cause to be issued town orders to his employee for personal services with an intention to credit the town with these payments in a later settlement, the case is governed by *State v. Cleveland,* 161 Wis. 457, 152 N. W. 819, 154 N. W. 980. On the other hand, if there is involved in these certified questions any issue with respect to the intent of this defendant, as seems to be indicated and argued in the briefs, the question is one of fact, and is not within the terms of sec. 358.08, Stats., or the jurisdiction of this court.

For the foregoing reasons, this court has no jurisdiction, and we must therefore decline to answer the questions certified.

*By the Court.*—The proceeding in this court is dismissed, and the record remanded for further proceedings in the circuit court.