STATE, Plaintiff in error, vs. NALL, Defendant in error.*

*March 15—April 12, 1946.*

---

* Motion for rehearing denied, without costs, on June 4, 1946.

For the plaintiff in error there was a brief by the *Attorney General, William A. Platz,* assistant attorney general, and *Clarence Simon,* district attorney of Taylor county, and oral argument by *Mr. Simon* and *Mr. Platz.*

*Herman Leicht* of Medford, for the defendant in error.

FRITZ, J. In this case the state seeks the review of the trial court's ruling in its decision, on motions after verdict, in which, after discussing the evidence in relation to whether or not the defendant Nall was in a drunken condition at the time in question, the court said,—

"This evidence, it seems clear, falls entirely short of being such as to convince beyond reasonable doubt that the defendant was driving wantonly, recklessly, or in a drunken condition. . . . The case seems to have been fully tried and all the evidence submitted that probably could be found, and therefore a retrial would be useless, and a new trial should be denied, and the motion for judgment for insufficient evidence to substantiate the verdict, must be granted."

In thus ruling there were necessarily involved, and the court had to consider questions of fact as to the credibility, weight, and effect of decidedly conflicting testimony given by seventeen witnesses in relation to matters involved in determining the ultimate issue of fact as to whether or not Nall was in a drunken condition. Consequently the ruling which the state seeks to have reviewed is clearly upon questions of fact; and is not a ruling upon "questions of law" within the meaning of that term in sec. 358.12 (8), Stats., which reads:

"A writ of error may be taken by and on behalf of the state in criminal cases: . . .

"(8) From rulings and decisions adverse to the state *upon all questions of law* arising on the trial, with the permission of the presiding judge, in the same manner and to the same effect as if taken by the defendant."

The term "question of law" is also used in sec. 358.08, Stats., which authorizes a circuit court, after a conviction, to report and certify a question to the supreme court. That statute provides:

"If upon the trial of any person who shall be convicted in said circuit court any *question of law* shall arise which, in the opinion of the judge, shall be so important or so doubtful as to require the decision of the supreme court he shall, if the defendant desire it or consent thereto, report the case so far as may be necessary to present the *question of law* arising therein, and thereupon all proceedings in that court shall be stayed."

That statute was formerly numbered sec. 4721; and in construing the term "question of law" therein, this court said in *State v. Heiden,* 139 Wis. 519, 523, 121 N. W. 138,—

"In order to answer a question of law in compliance with sec. 4721, Stats. (1898), it is necessary that the facts on which that question rests should be resolved by the trial court and certified to us; not the evidence, but the ultimate facts, and all of them which are material to determination of the question. [Citations.] That has not been done, and we therefore cannot answer this question. Further, the question is not single, but threefold, which constitutes another obstacle to its certification and consideration. Id. In *U. S. v. U. P. R. Co.* 168 U. S. 505, 512, 18 Sup. Ct. 167, certain requisites of a certification under the federal judiciary act of March 3, 1891 (26 U. S. Stats. at Large, 826, ch. 517, U. S. Comp. Stats. 1901, p. 488), are catalogued which are quite as essential to a compliance with sec. 4721:

" 'Each question had to be a distinct point or proposition of law, clearly stated, so that it could be distinctly answered without regard to the other issues of law in the case; to be a question of law only, and not a question of fact, or of mixed law and fact, and hence could not involve or imply a conclusion or judgment upon the weight or effect of testimony or facts adduced in the case; and could not embrace the whole case, even where its decision turned upon matter of law only.' "

To the same effect as to the meaning of the term "question of law" is the following statement in *State v. Konkol,* 221 Wis. 184, 187, 266 N. W. 174,—

". . . if there is involved in these certified questions any issue with respect to the intent of this defendant, as seems to be indicated and argued in the briefs, the question is one of fact, and is not within the terms of sec. 358.08, Stats., or the jurisdiction of this court. For the foregoing reasons, this court has no jurisdiction, and we must therefore decline to answer the questions certified."

Likewise to the same effect are the following cases. In *State v. Brooks,* 102 Miss. 661, 662, 59 So. 860, the court held that under Code 1906, sec. 40, authorizing the state to appeal from a judgment acquitting accused when a question of law has been decided adversely to the state, etc., the state may not appeal from an acquittal, entered on a directed verdict, on the court excluding the testimony at the close of the state's evidence. The court said,—

"When the state closed its evidence, the court excluded the testimony, upon the motion of defendant, and directed the jury to acquit the defendant. 'No question of law is presented by this record, but a decision of the court merely passing upon the sufficiency of the proof to sustain a conviction. In such state of case there is no warrant of law for the taking of an appeal by the state.' This is the language of Judge TRULY, speaking for the court, in the case of *State v. Willingham, et al.,* 86 Miss. 203, 38 South. 334. The statute construed in that case was section 39, Code 1892. Section 40, Code 1906, under which this appeal is prosecuted, is a transcript of the law of 1892. Experimental appeals by the state are not authorized by the statute, and this court is not required to read the evidence taken in the trial court to ascertain whether, taken as a whole, the jury would have been warranted in finding the defendant guilty. This would be a waste of the court's time, which could be more profitably employed in the investigation of real lawsuits." See also *City of Jackson v. Harland,* 112 Miss. 41, 72 So. 850, 851.

In *Lynch v. Southern Express Co.* 146 Ga. 68, 71, 90 S. E. 527, the court held that the words "question of law," as used in Const. art. 6, sec. 2, par. 9 (Civ. Code 1910, sec. 6506), relating to certification by the court of appeals to the supreme court of a question of law, were not intended to embrace questions of fact or mixed questions of law and fact. The court said,—

"There can be no doubt that the words 'questions of law' as used in the constitution, considered abstractly or in connection with the context, were not intended to embrace questions of fact, or mixed questions of law and fact; the manifest object being to submit to the supreme court a definite question of law. The propriety of granting a nonsuit or of directing a verdict depends upon the effect to be given the evidence. . . . In order to test the propriety of directing a verdict the court must go through the process of analyzing the evidence and draw all reasonable deductions therefrom. We do not think it was ever intended that the burden of doing this in cases pending before the court of appeals should be transferred to the supreme court."

In *Jewell v. Knight,* 123 U. S. 426, 432, 8 Sup. Ct. 193, 31 L. Ed. 190, the court said,—

"The points certified must be questions of law only, and not questions of fact, or of mixed law and fact—'not such as involve or imply conclusions or judgment by the court upon the weight or effect of testimony or facts adduced in the cause.' . . . The whole case, even when its decision turns upon matters of law only, cannot be sent up by certificate of division." To the same effect see also *Detroit Trust Co. v. Union Guardian Trust Co.* 65 Fed. (2d) 73; *In re Stewart,* 179 Fed. 222, 228.

As the review sought herein is not upon "questions of law," and it is only from such rulings that a review is authorized by sec. 358.12 (8), Stats., and as the right of appeal is purely statutory and does not exist when not given by statute (*State*

*v. McNitt,* 244 Wis. 1, 11 N. W. (2d) 671), it follows that the writ of error issued herein must be dismissed. *Martin. v. State,* 236 Wis. 571, 295 N. W. 681. In *State v. Witte,* 243 Wis. 423, 10 N. W. (2d) 117, no question was raised or considered as to whether the review then sought by the state was upon a ruling on a question of law. Consequently, that case must not be deemed to be a precedent permitting the review under that statute of an order setting aside a verdict and discharging the defendant on the ground that the evidence was insufficient.

*By the Court.*—Writ dismissed.

RECTOR, J., took no part.