STATE, Plaintiff, v. ROGGENSACK, Defendant.*

*January 12—February 6, 1962.*

* Motion for rehearing denied, without costs, on April 3, 1962.

626

For the plaintiff the cause was argued by *William A. Platz* and *Harold H. Persons,* assistant attorneys general, with whom on the brief were *John W. Reynolds,* attorney general, *William D. Byrne,* district attorney of Dane county, and *Donald R. McCallum,* deputy district attorney of Grant county.

For the defendant there was a brief and oral argument by *Edward J. Morse, Jr.,* of Lancaster, and *John T. Harrington* of Madison.

HALLOWS, J. The key to these questions, basically, is the determination of the nature of sec. 71.11 (41) [1] and of sec. 71.11 (42), Stats.,[2] hereinafter referred to as "(41)" and "(42)." The defendant argues these two sections both create criminal offenses with different punishments and are, therefore, in conflict; being in conflict, neither section applies to him because their coexistence violates the constitutional requirements of due process by providing different degrees of punishment for the same act under the same circumstances and denies equal protection of the laws by vesting in administrative officers the discretion to determine what acts respond to each section.

The attorney general contends (41) provides for a civil forfeiture and (42) a criminal penalty; that no conflict exists between these sections, that both sections may apply to the same conduct; and the coexistence of both a civil sanction and a criminal sanction for a breach of the Income Tax Law does not violate due process of law or deny equal protection of the laws.

The provisions of (41) and (42) are almost identical. Both apply to natural persons who fail or refuse to make an income-tax return on time or who render a false or fraudulent return. However, (42) does not include corporations and before a fine or imprisonment can be imposed, there must be a conviction. The word "penalty" is used in (41) while the words "fine and imprisonment" are used in (42).

[1] "(41) *Same; failure to file return; fraud.* If any person shall fail or refuse to make a return at the time or times hereinbefore specified in each year, or shall render a false or fraudulent return, such person shall be liable to a penalty of not less than $100 and not to exceed $5,000 at the discretion of the court."

[2] "(42) *Same; failure to file return; fraud.* Any person, other than a corporation, who fails or refuses to make a return at the time hereinbefore specified in each year or shall render a false or fraudulent return shall upon conviction be fined not to exceed $500, or be imprisoned not to exceed one year, or both, at the discretion of the court, together with the cost of prosecution."

On the face of the language, therefore, there would seem to be a distinction between the two sections.

The history of these sections leads to the conclusion that the legislature meant a civil sanction in (41) and a criminal sanction in (42). In the enactment of the Income Tax Law by ch. 658, Laws of 1911, there was created sec. 1087m–11 (4) which provided the same penalty for the same acts and omissions as (41) by corporations, joint-stock companies, and associations. That section did not apply to individuals. The original Income Tax Law also created sec. 1087m–11 (5) which created the same punishment for the same acts and omissions by an officer of a corporation, joint-stock company, or association as is now provided in sec. 71.11 (43), Stats., for an officer of any corporation. This section provides any officer of a corporation, required by law to make, render, sign, or verify any return who makes any false or fraudulent return or statement with intent to defeat or avoid the assessment required by this act to be made, shall upon conviction be fined not to exceed $500 or be imprisoned not to exceed one year, or both, in the discretion of the court, including the cost of prosecution. This section is clearly a criminal statute applying to officers of corporations, but it does not apply to the act of failing or refusing to make a return. For such action or omission, the corporation is liable to the sanction provided in (41) but is not liable for any criminal sanction. The original Income Tax Law also created sec. 1087m–12 (3) which created provisions identical with the sections now found in (42) except that originally joint-stock companies and associations as well as corporations were excepted therefrom. In the revision of 1927, what is now (41) was re-created and included any person. Substantially remaining the same were (42) and sec. 71.11 (43) excepting that stock corporations and associations were excluded. Historically then, while these sections, basically, have been in the law since 1911, it has been

only since 1927 that the sanctions provided by (41) and (42) both applied to individuals.

In this history, we find no evidence the legislature intended (41) was to be a criminal sanction. The fact that both sections applied to natural persons and to the same acts and omissions does not necessarily make both sections criminal in character. No imprisonment is provided for in (41) which speaks only in terms of a penalty, nor is a conviction required for the imposition of the penalty. A crime is defined in sec. 939.12, Stats., as conduct which is prohibited by state law and punishable by fine or imprisonment, or both. Conduct punishable only by a forfeiture is not a crime. By sec. 288.01 [3] a forfeiture as used in that chapter includes a penalty. It is not unusual in the law, especially in revenue laws, for legislatures and the congress to provide both a civil and a criminal sanction for the same act. This is not disputed by the defendant, but he claims that is not the law in Wisconsin, at least so far as (41) and (42) are concerned. The defendant makes an ingenious argument, based on sec. 288.01, that (41) and (42) both provide for a criminal sanction and especially that (41) does not provide for a civil penalty. Forfeitures, including penalties imposed by statute, have long been recoverable in civil actions in this state by express authority of sec. 288.01 which, in substance, has been in existence since 1849. Originally, a pecuniary penalty or forfeiture could be enforced by an action of debt or assumpsit unless the act or omission for which the penalty or forfeiture imposed was not also a misdemeanor. Ch. 122, sec. 1, R. S. 1849. This section was amended several times, and in 1935 the section was amended to its present form.

---

[3] "288.01 ACTION FOR FORFEITURES. Where a forfeiture imposed by statute shall be incurred it may be recovered in a civil action unless the act or omission is punishable by fine and imprisonment or by fine or imprisonment. The word forfeiture, as used in this chapter, includes any penalty, in money or goods."

Considerable stress is given by the defendant to the words, ". . . unless the act or omission is punishable by fine and imprisonment or by fine or imprisonment." The defendant then draws the conclusion that under this section the state cannot maintain a civil action for the collection of the penalty provided by (41) because the same conduct is punishable by imprisonment under (42) and, consequently, the provisions of (41) cannot create a civil forfeiture and must create at least a misdemeanor.

We do not believe sec. 288.01, Stats., can be given such construction. A reasonable construction would require that where a statute creates both a forfeiture and also punishes the same act or omission by fine and imprisonment, the forfeiture cannot be collected or enforced in a civil action under sec. 288.01. It must be kept in mind that by ch. 483, sec. 74, Laws of 1935, sec. 288.01 was amended to include the word "fine" in the definition of the word "forfeiture." Consequently, where a statute provides only for a fine, it may be enforced under sec. 288.01. But when the statute created a punishment by fine and/or imprisonment, it is for the court in a criminal proceeding to determine which or both should apply. We do not construe this section to mean that one section of the statute creating a forfeiture cannot be enforced thereunder because the same acts or omissions by another separate and distinct section of the statute are made subject to a fine of a different amount, with or without imprisonment as a criminal sanction.

The defendant relies on *State v. Hayden* (1873), 32 Wis. 663, *Oshkosh v. Schwartz* (1882), 55 Wis. 483, 13 N. W. 552, *State v. Grove* (1890), 77 Wis. 448, 46 N. W. 532, *Stoltman v. Lake* (1905), 124 Wis. 462, 102 N. W. 920, and *State v. Hamley* (1909), 137 Wis. 458, 119 N. W. 114, in support of his proposition. We do not consider that these cases hold a penalty provided under (41) cannot be recovered in a civil action because the same con-

duct is punishable by imprisonment under (42). Sec. 288.01, Stats., provides a test to be used in determining whether the proceedings under a particular statutory provision are to be civil in character or not. It does not determine the nature of the other sections which are not the basis for the particular action in question.

It is arguable that even if sec. 288.01, Stats., is to be construed as contended for by the defendant, the legislature could provide to the contrary, but then we would be presented with the question, which of the conflicting statutes was controlling? Our answer to the first question, "Do the provisions of sec. 71.11 (41), Stats., create a criminal offense?" is "No."

The second question certified is: "Is there a conflict between the provisions of sec. 71.11 (41) and the provisions of sec. 71.11 (42), Stats.?" Our answer is "No." If the defendant's theory that both these sections created a criminal sanction, the second question would have to be answered in the affirmative. However, since (41) creates a civil sanction and (42) a criminal sanction, there is no conflict between the two sections and they may stand side by side.

The third question does not require an answer because there is no conflict. The two sections of the statute can exist side by side. *Kuder v. State* (1920), 172 Wis. 141, 178 N. W. 249. Both sections are applicable to a natural person whose conduct responds to the provisions of both sections.

Questions 4 and 5 may be considered together. They inquired as follows:

"Does the coexistence of the provisions of secs. 71.11 (41) and (42), Stats., violate constitutional requirements of due process of law?"

"Does the coexistence of the provisions of secs. 71.11 (41) and (42), Stats., violate constitutional requirements of equal protection of the laws?"

Our answer is "No" to both questions. If (41) and (42) were both criminal statutes, their coexistence would violate constitutional requirements of due process of law and of equal protection of the laws because of vagueness and un- certainty and the delegation to an administrative agency the choice of either section without any legal standards to govern such choice. Sec. 939.65, Stats.,[4] is not inconsistent with this proposition. Under this section the same act may form the basis for a crime punishable under more than one statutory provision. We do not construe the section to mean the same crime, but different crimes having some similar elements but not having identical elements.

A person subject to being charged with two crimes or a crime and a civil penalty is not entitled to know in advance exactly what the consequences of his act shall be by any requirement of due process. *State v. Coubal* (1946), 248 Wis. 247, 21 N. W. (2d) 381; nor does equal protection of the laws require that all violators, or none, must be prosecuted both civilly and criminally where such sanctions are applicable. This is not a case of arbitrary power granted to an executive officer to say what the law is, but a case of enforcement. Sec. 71.11 (42), Stats., is not invalid because the tax department has not yet sought to apply criminal sanctions against all violators.

Most of the cases involving both criminal and civil sanc- tions for the same act or omission have involved double jeopardy. It has been generally held that the double-jeopardy clause prohibits punishing criminally twice or attempting to do so and does not apply to prosecution both of a civil sanc- tion and a criminal one. 22 C. J. S., Criminal Law, p. 633, sec. 240 b; *Helvering v. Mitchell* (1938), 303 U. S. 391, 58 Sup. Ct. 630, 82 L. Ed. 917; *Kuder v. State, supra.*

---

[4] "939.65 PROSECUTION UNDER MORE THAN ONE SECTION PER- MITTED. If an act forms the basis for a crime punishable under more than one statutory provision, prosecution may proceed under any or all such provisions."

*By the Court.*—The cause is remanded for further proceedings according to law not inconsistent with this opinion.

DIETERICH, J. (*dissenting*). The provisions of sec. 71.11 (41) and sec. 71.11 (42), Stats., are identical with respect to the acts, omissions, and circumstances they apply to. If sec. 71.11 (41) is a civil penalty and sec. 71.11 (42) a criminal penalty, then we are confronted with a situation where an administrative officer has the discretion to determine whether an offender shall be required to answer a civil charge, a criminal charge, or both, for identical behaviors. This is a denial of equal protection of the laws and an invalid delegation of power by the legislature to those administrative officers charged with the enforcement of this statute.

Secondly, the plain language of the statute indicates that (41) and (42) are both criminal offenses. Sec. 71.11 (41) uses the word penalty, not forfeiture. Any other interpretation would require, in my opinion, a predisposition to construe the statute in favor of the state.

I believe (41) and (42) both to be criminal statutes and their coexistence violates the constitutional requirements of due process and equal protection of the laws.

The following opinion was filed April 3, 1962:

PER CURIAM (*on motion for rehearing*). We are not persuaded by defendant's arguments, on this motion, challenging our answers to the questions certified. We deem it appropriate, however, to make this comment in view of defendant's suggestion that a defendant may properly "complain that the process by which he was selected [for prosecution] violated the constitutional guaranty of equal protection of the laws." Whether or not such a complaint is

supported by the record in this case was not put before us by the questions of law certified. Those questions were, in substance, whether sec. 71.11 (41), Stats., is to be construed as authorizing a civil action independent of a criminal action under sec. 71.11 (42) and whether the existence of sec. 71.11 (41) renders sec. 71.11 (42) unconstitutional as a violation of due process of law or a denial of equal protection of the laws. A question of fact cannot be certified to this court.[1]

Sub. (3) of sec. 958.08, Stats., under which the questions were certified, provides in part: "After the case is remanded by the supreme court, the trial court shall render such judgment or make such order thereon as law and justice require. The proceedings here prescribed shall not deprive the defendant of a writ of error." Although our answers to the questions certified will constitute the law of the case,[2] if, after judgment, defendant claims that his conviction and the judgment thereon are erroneous for reasons not covered by these answers, he will have his remedy by writ of error, or appeal.[3]

Motion for rehearing denied.

---

[1] *State v. Konkol* (1936), 221 Wis. 184, 187, 266 N. W. 174.
[2] See *Nichols v. Bridgeport* (1858), 27 Conn. 459.
[3] Sec. 958.13, Stats.