STATE, Appellant, vs. KAISER and another, Respondents.

*December 8, 1933—January 9, 1934.*

For the appellant there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, *Edward G. Minor* of Milwaukee, special prosecutor, and *William A. Zabel,* district attorney of Milwaukee county, and oral argument by *Mr. Minor* and *Mr. Messerschmidt.*

No appearance for the respondents.

FOWLER, J. The municipal court of Milwaukee county, on an appeal from the district court of said county, overruled a demurrer to a complaint charging an offense triable by the district court. Without a verdict by a jury or a finding of guilty by the trial judge pursuant to waiver of a jury trial by the defendant and his request for or consent to a trial to the court, the trial judge, acting under sec. 358.08, Stats., certified to this court for answer whether the complaint states facts sufficient to constitute a crime, and whether ch. 136, Stats., on which the complaint is based, and particularly sec. 136.07, is constitutional. The certification was pursuant to desire and consent of the defendants.

Sec. 358.08 is as follows:

"If upon the trial of any person *who shall be convicted* in said circuit court any question of law shall arise which, in the opinion of the judge, shall be so important or so doubtful as to require the decision of the supreme court he shall, if the defendant desire it or consent thereto, report the case so far as may be necessary to present the question of law arising therein, and thereupon all proceedings in that court shall be stayed."

No verdict of guilty was returned by a jury in the municipal court. Without such verdict there has been no conviction of the defendants, in the absence of a waiver by the defendants of a jury trial and consent by them to a trial to the court and a finding of guilty by the trial judge. There was neither such waiver and consent nor such finding by the trial judge. There has therefore been no conviction of the defendants, and the trial judge was without authority to report the case

to this court under the statute and this court is without jurisdiction to determine the questions which the trial judge attempted to submit for determination. We must therefore decline to answer the questions certified. It is particularly fitting that we thus decline, for the defendants have submitted no brief and have made no argument, and we cannot surmise their grounds of objection either to the complaint or to the statute.

*By the Court.*—The proceeding in this court is dismissed and the record remanded for further proceedings in the municipal court.