TRIGG *v.* DIXON.

Opinion delivered October 31, 1910.

1. MUNICIPAL CORPORATIONS—POWER TO LICENSE BUTCHERS.—A municipal ordinance requiring butchers to take out a license and requiring their meats to be inspected is a valid exercise of power given by Kirby's Digest, § 5438, to cities and towns to "regulate markets," and by § 5468 "to prevent or regulate the carrying on of any trade, business or avocation of a tendency dangerous to morals, health or safety." (Page 201.)

2. SAME—REASONABLENESS OF LICENSE.—An annual fee of fifty dollars for a butchers' license required by a municipal ordinance is not unreasonable. (Page 202.)

Appeal from Miller Chancery Court; *James D. Shaver*, Chancellor; reversed.

*J. F. Simms*, for appellant.

1. The city had the authority to pass the ordinance in question. Kirby's Digest, §§ 5438, 5528-29, 5648, par. 4. The term "butcher" or "butcher shop" is embraced in the word "market." 73 Mich. 661. It is unreasonable to assume that the Legislature had only in view the regulation and superintendence of public markets, in the technical sense of the word, as distinguished from "butcher shops." 58 Pa. St. 119; 60 Pa. St. 445; 20 Am. Law Reg. (N. S.) 473, and note; 1 Dill., Mun. Corp. (4 ed.), par. 380; 28 Cyc. 734, and note 36; 60 Mo. App. 365. Power to "establish and regulate markets," even when standing alone, implies au-

thority to prohibit elsewhere than at duly established markets the sale of articles falling within the exercise of the police power. 3 Johns. (N. Y.) 418; 10 Wend. 100; 82 N. Y. 318; 21 Tex. App. 71; 10 Bush 643; 44 Mo. 547. The power to regulate includes the power to license. 41 Ark. 485; 43 Ark. 82; 88 Ill. 221; 20 Am. Rep. 545. All reasonable presumptions are indulged in favor of the validity of an ordinance. 88 Ark. 301; 52 Ark. 301; 64 Ark. 152. And where an ordinance is passed which would be invalid if intended for one purpose and valid if intended for another, the presumption, in the absence of a clear showing to the contrary, is that it was intended for the lawful purpose. 36 Pa. Sup. Ct. 598; 230 Ill. 80; 82 S. E. 615.

2. The license fee is reasonable, taking into consideration the regulation and inspection provided for and in contemplation of the ordinance. 26 Pa. Sup. Ct. 343; 70 Ala. 361; 2 Am. & Eng. Corp. Cases, 23; 52 Ark. 301; 7 So. 885; 23 Am. St. Rep. 558; 9 L. R. A. 69.

HART, J. Appellees by this suit seek to enjoin the appellant from enforcing an ordinance of the city of Texarkana. The ordinance is as follows:

"An ordinance to declare the selling of fresh meats in the city of Texarkana, Arkansas, a privilege, to require and fix a license to engage in such business, and to better regulate the sale of fresh meats in this city:

"Be it enacted by the council of the city of Texarkana, Arkansas:

"Sec. 1. That hereafter all persons keeping butcher shops and all dealers in fresh meats in the city of Texarkana, Arkansas, selling in quantities less than a quarter shall take out a license and pay therefor the sum of fifty dollars per annum.

"Sec. 2. Any persons who shall sell fresh meats within the city of Texarkana, Arkansas, to consumers or others in less quantities than a quarter shall be regarded as a butcher, and be subject to and required to take a butcher's license.

"Sec. 3. Until such time as the city council of this city shall appoint a meat inspector and define his duties, the duty of such inspector shall devolve upon the chief of police, and it shall be his duty to inspect any and all fresh meats sold by such persons and any person who shall sell or offer for sale any fresh meats

which may have been pronounced unwholesome or unfit for sale by said chief of police shall, upon conviction thereof in the police court, be fined in any sum not exceeding fifty dollars.

"Sec. 4. Any person who shall engage in or carry on the business of a butcher, as defined in this ordinance, without first having applied for and obtained a license therefor shall upon conviction be fined in any sum not less than five nor more than fifty dollars.

"Sec. 5. That all ordinances or parts of ordinances in conflict herewith be and the same are hereby repealed, and this ordinance shall take effect and be in force from and after the first day of January, 1910."

Texarkana is a city of the first class, and has within its corporate limits fifteen retail butcher shops. H. W. Trigg, as chief of police, attempted to enforce the provisions of said ordinance. Appellees are among the number engaged in and carrying on the business of butchers in said city, and are subject to the terms of said ordinance. They refused to comply with the terms of the ordinance on the ground that it was void and should not be enforced because it shows on its face that it is an ordinance passed to raise a revenue for said city, and was not passed for the regulation of said business; and because the sum of $50 per annum is an unreasonable exaction for said purpose. Hence, as above stated, appellees brought this action in chancery to enjoin appellant from enforcing said ordinance. The decision of the chancellor was in their favor, and from the decree entered an appeal has been duly prosecuted.

We hold that the ordinance is valid. Under section 5438 of Kirby's Digest, cities and towns have the power "to establish and regulate markets;" and under section 5648, subdivision 4, cities of the first class have authority "to prevent or regulate the carrying on of any trade, business or vocation of a tendency dangerous to morals, health or safety," etc. Under the power to regulate, a city may make proper police regulations as to the mode in which the business shall be carried on. Dillon on Municipal Corporations (4 ed.), § 358.

Regulations in respect to the selling of fresh or butcher's meats have relation to health and disease. *Kinsley* v. *Chicago,* 124 Ill. 359; Dillon on Municipal Corporations, § 396.

In the case of *St. Paul* v. *Colter,* 12 Minn. 41, 90 Am. Dec. 279, the court said: "It occurs to us that if there is any kind of business transacted in a city 'which is liable in and of itself to become a nuisance or injurious to the public, if not properly supervised or carried on,' or which 'may become offensive,' or which is a legitimate subject of 'sanitary regulation,' it is pre-eminently this very business of vending fresh and butcher's meats."

The power to regulate includes the power to license as a means of regulating. *Helena* v. *Miller,* 88 Ark. 301, and cases cited. Therefore, we are of the opinion that the city of Texarkana has the power to require all butchers doing business within its corporate limits to be licensed under the sections of the statute above referred to.

This brings us to the question of whether the license fee fixed by the ordinance is reasonable. In discussing this question in the case of *Fayetteville* v. *Carter,* 52 Ark. 301, the court said: "They can require a reasonable fee to be paid for a license. The amount they have a right to demand for such fee depends upon the extent and expenses of the municipal supervision made necessary by the business in a city or town where it is licensed. A fee sufficient to cover the expense of issuing the license, and to pay the expenses which may be incurred in the enforcement of such police inspection or superintendence as may be lawfully exercised over the business, may be required." This rule was quoted with approval in the case of *Helena* v. *Miller, supra,* and the court said: "It is our duty to indulge every reasonable presumption in favor of the validity of the ordinance, and not to declare it void unless it plainly appears to be so."

In the case of *St. Paul* v. *Colter, supra,* where an ordinance fixing the annual license of a butcher at the sum of $200 was held valid and the fee reasonable, the court said:

"We think it was entirely legitimate for the council, in fixing the sum which should be required for a license, to look at numerous considerations; perhaps among others at the probability that the city might be put to great expense in litigation, and to other expenses arising out of this business."

In the present case there were approximately fifteen butchers in various parts of the city affected by the ordinance. It was

made a part of the duties of the chief of police to inspect all fresh meats sold by them. The butchers were prohibited from selling any fresh meats which were pronounced unwholesome or unfit for sale by the chief of police, and the enforcement of the ordinance was provided for by fine in the police court. Considering the nature of the business, the amount of time and expense necessarily required for a proper supervision of it and the consequent benefit to the health of the inhabitants of the city thereby, it can not be said that the license fee required in this case is unreasonable.

The decree will be reversed, and the cause dismissed.