CITY OF MILWAUKEE, Respondent, vs. FILER & STOWELL COMPANY, Appellant.

*October 7—October 26, 1915.*

*Municipal corporations: Power to regulate steam engines, etc.: Licensing of engineers.*

1. Power to regulate, given to a municipal corporation, ordinarily includes the power to license when necessary to proper regulation.

2. Considered in connection with sec. 925—52c, Stats., relating to the construction of powers conferred upon cities of the first class, the power given to the city of Milwaukee "to provide for the inspection and regulation of stationary engines and boilers" includes power to require the licensing of engineers for such engines and boilers.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

This action was brought by the city of *Milwaukee* to recover a penalty on breach of ordinance relating to stationary and portable boilers. It is charged that the defendant owned and controlled a certain steam power plant and authorized and permitted certain persons without a proper and valid license, as required by ordinance, to operate, manage, and take charge of a steam power plant while working under pressure, and that said defendant became subject to the penalty provided in the ordinance.

The defense is want of power by the city to pass the ordinance. Power is claimed by plaintiff under the charter provision "to provide for the inspection and regulation of stationary engines and boilers." The ordinance provides that it shall be unlawful for any person to operate any stationary or portable steam boiler, engine, or any portion of a steam plant or appliance connected therewith in the city of *Milwaukee* when working under pressure, except by an engineer who has been duly licensed so to do and who shall exhibit a certificate thereof as provided in the ordinance.

The defendant was found guilty of violating the ordinance and fined, and appealed from the judgment to this court.

For the appellant there was a brief by *Glicksman, Gold & Corrigan,* attorneys, and *Joseph E. Tierney,* of counsel, and oral argument by *W. L. Gold.*

For the respondent there was a brief by *Daniel W. Hoan,* city attorney, and *E. L. McIntyre,* assistant city attorney, and oral argument by *Mr. McIntyre.*

KERWIN, J. Whether the city had power to pass the ordinance under the charter, providing "for the inspection and regulation of stationary engines and boilers," is the only question involved upon this appeal. Counsel for appellant relies upon *Chain Belt Co. v. Milwaukee,* 151 Wis. 188, 138

N. W. 621; *Ogden v. Madison,* 111 Wis. 413, 87 N. W. 568; *Wis. T. Co. v. Oshkosh,* 62 Wis. 32, 21 N. W. 828, and some foreign authorities.

In the *Chain Belt Co. Case* authority to pass the ordinance was claimed under the welfare clause, and this court held that it could not be implied from the "general welfare" clause in the charter.   An examination of the *Chain Belt Co. Case* will show that it is clearly distinguishable from the instant case in many particulars, some of which will be referred to later.

*Ogden v. Madison, supra,* states the general rule, viz. that municipal corporations possess and can exercise only such powers as are granted in express words; such as are necessarily implied in or incident to the powers expressly granted; and those essential to the declared objects and purposes of the corporation.

The case of *Wis. T. Co. v. Oshkosh, supra,* involved a question of license for revenue.   The city sought by ordinance to charge the telephone company $300 per year for the right to operate in the streets, and it was held that the common council was without power to do so.

In the instant case the ordinance was passed for regulation solely.   The power to regulate ordinarily includes the power to license when such power is necessary to proper regulation. We think the weight of authority is to the effect that the power to regulate implies the power to license when in aid of regulation.

In the *Chain Belt Co. Case* this court refers to the rule of strict construction and says that the power to license cannot be implied under the general welfare clause.   Since the decision of that case, however, we have had some legislation on the subject, sec. 925—52c, being ch. 678, Laws 1913.   This legislation was intended to broaden the powers of cities of the first class.

It seems clear under the general charter power to regulate

and the above statute that the city had power to pass the ordinance in question. *Mehlos v. Milwaukee,* 156 Wis. 591, 146 N. W. 882; *Cream City B. P. Co. v. Milwaukee,* 158 Wis. 86, 147 N. W. 25; 3 McQuillin, Mun. Corp. § 989; *Trigg v. Dixon,* 96 Ark. 199, 131 S. W. 695; *Kinsley v. Chicago,* 124 Ill. 359, 16 N. E. 260; 25 Cyc. 602.

Whether the city would have power in aid of regulation to pass the ordinance in question in the absence of sec. 925—52c we need not and do not determine.

*By the Court.*—The judgment of the court below is affirmed.