KUDER, Plaintiff in error, vs. THE STATE, Defendant in error.

*June 5—June 23, 1920.*

*Penalties: Action for forfeiture: Violation of county ordinance as to speed of automobiles: Civil action or criminal proceeding? Form of judgment: Enforcement: Word "guilty" as involving criminality: Evidence: Judicial notice as to character of highways.*

1. An action brought on behalf of a county to recover a sum of money as a forfeiture for the violation of a county ordinance fixing the maximum speed of automobiles on county or state

highways is a civil action; and a judgment in such action, which is in form and effect one which could properly be entered only in a criminal proceeding, must be reversed.

2. The distinction between a criminal proceeding and a civil remedy to recover a forfeiture is so substantial that a judgment against a defendant in one is no bar to a judgment against him in the other upon the identical state of facts.

3. The knowledge of the trial court, as an individual, of facts as to a road being a county or state rather than a town highway, is not the kind of knowledge that is included in the broad field of subjects of general knowledge of which a court, as such, may take judicial notice.

4. The word "guilty" in a judgment in a civil action for collection of a forfeiture does not involve the element of criminality, any more than an adjudication of guilty of negligence in a personal injury case.

[5. Whether a judgment in a civil action for collection of a forfeiture, which may be brought under sec. 3303, Stats., may, in the absence of a provision to that effect in the ordinance itself, provide for a jail sentence in default of payment of the adjudged penalty under sec. 3302, Stats., not decided.]

6. An action brought to collect a penalty for the violation of a county ordinance cannot be construed as a prosecution under a penal statute of the state for the violation of which the defendant may be properly committed to jail.

ERROR to review a judgment of the municipal court for the Eastern district of Waukesha county: J. E. THOMAS, Judge. *Reversed.*

The county board of *Waukesha County* enacted an ordinance fixing a maximum speed limit of not exceeding thirty miles per hour for the operating or driving of an automobile or other similar vehicle on any highway in said county which is maintained at the expense of the county and state or either of them.

It further provided that any person violating such ordinance shall forfeit and pay to the county a penalty of not less than $10 nor more than $100 for each such violation, together with the costs of any such prosecution for the collection of such forfeiture.

Sec. 3 thereof further provided that the forfeitures col-

lected for the violation of such ordinance shall be paid to the county treasurer of said county and placed in the highway maintenance fund.

A complaint for a criminal warrant was sworn to by the traffic officer of said county, alleging a violation by the plaintiff in error on August 21, 1919, at the town of Brookfield in said county, of the provisions of said ordinance, in that while driving and operating a certain automobile along and upon a highway maintained by the said county he did unlawfully drive the same at a rate of speed greater than thirty miles per hour, and praying that said plaintiff in error be arrested and held to answer to the county of *Waukesha* therefor under the provisions of said ordinance.

The plaintiff in error was arrested upon a warrant so directed in such complaint issued out of the municipal court for the Eastern district of Waukesha county.

No objections appear to have been interposed by the defendant before or at the trial as to the course of procedure theretofore taken, and no demand for a jury trial appears to have been made. The case was tried by the judge of said municipal court and witnesses testified for both sides.

At the close of the testimony counsel for the defendant moved to dismiss the action and discharge the defendant. The motion was overruled and the court said:

"I find that the defendant is guilty of speeding, and the sentence of the court is that you, *Paul Kuder,* pay a fine of $25 and costs, or twenty days in the county jail."

Thereupon a formal sentence was signed by said municipal judge entitled "The State of Wisconsin against *Paul Kuder,*" and reading as follows:

"The sentence of the court now is that you, *Paul Kuder,* pay a fine of $25 and costs taxed at the sum of $16.42, and in default of payment thereof that you be imprisoned in the county jail of said county, at hard labor, for the term of twenty days, or until said fine and costs are paid; or you shall be thence discharged by due course of law."

Thereupon a writ of error was issued out of this court to review said record, proceedings, and judgment.

For the plaintiff in error there was a brief by *Hoyt, Goff & Morgan* of Milwaukee, and oral argument by *W. J. Morgan*.

For the defendant in error there was a brief by *D. S. Tullar*, district attorney of Waukesha county, and oral argument by *Allen D. Young*, assistant district attorney, and *J. F. Baker*, assistant attorney general.

ESCHWEILER, J. The plaintiff in error contends that the evidence in the court below was not sufficient to justify a finding that the defendant had violated the ordinance. We have examined the record and think that the evidence therein disclosed was sufficient to justify the reasonable inference drawn therefrom by the trial court that there had been an excessive speed maintained by the automobile in which the plaintiff in error was being driven by his chauffeur at the time in question.

The testimony by the road patrolman upon whose complaint the warrant was issued was that the driving took place on the Blue Mound road and then on the Pewaukee road in the town of Brookfield, Waukesha county. From the testimony it would also appear that a part of the highway on which the fast driving was done was of concrete. No further description of the highway was given than as above. Plaintiff in error now insists that the evidence was not sufficient to warrant a finding that the speeding had been done upon a county or state highway such as was designated in the county ordinance above set forth. The record discloses, however, that no objections were interposed or efforts made to raise such question on the trial. Were it necessary now to decide this question, we entertain very serious doubts as to its being a matter of which a trial court might take judicial notice as suggested by defendant in error. That the trial court as an individual might have

knowledge of facts as to its being a county or state rather than a town highway would not be the kind of knowledge that is included within the broad field of subjects of general knowledge of which a court as such may take judicial notice. Were this a trial by jury the court would have no right to instruct the jury, from his individual knowledge of such a local situation, that such highway was or was not of such particular kind, any more than he might as to the physical condition of a particular portion of the highway. *Shafer v. Eau Claire,* 105 Wis. 239, 244, 81 N. W. 409. See, also, *Johnson v. Superior R. T. R. Co.* 91 Wis. 233, 237, 64 N. W. 753; Jones, Evidence (2d ed.) §§ 133, 134.

The judgment of the court below, however, must be reversed and set aside because it is in form and effect a judgment which could properly be entered only in a criminal proceeding instituted by the state against a defendant for a violation of the penal statutes of the state. This action, however, was one brought, not on behalf of the state but on behalf of the *quasi*-municipal corporation, the county of *Waukesha,* to recover a sum as a forfeiture, and which when recovered was to be turned in to the county treasury and under an ordinance which in no manner attempted to provide for the imprisonment of a defendant in case of his failure to pay any such sum so adjudged.

In the former class a convicted defendant may be sentenced to imprisonment as well as punished by a fine, whether the offense be of the class designated as a felony or the lesser form of misdemeanor; the second class, and the one to which this action belongs, is a civil remedy providing for the recovery of a forfeiture for the breach of any ordinance which it is within the proper province of a *quasi*-municipality, such as the county here, to enact.

The distinction between the two is so substantial that a judgment against the defendant in the one is no bar to a prosecution and judgment against the same defendant in the other upon the identical state of facts. *Ogden v. Madi-*

*son,* 111 Wis. 413, 87 N. W. 568; *State ex rel. Dunlap v. Nohl,* 113 Wis. 15, 24, 26, 88 N. W. 1004; *Koch v. State,* 126 Wis. 470, 478, 106 N. W. 531; *Stoltman v. Lake,* 124 Wis. 462, 102 N. W. 920; *State v. Hamley,* 137 Wis. 458, 119 N. W. 114; *C. Beck Co. v. Milwaukee,* 139 Wis. 340, 348, 120 N. W. 293; *Milwaukee v. Ruplinger,* 155 Wis. 391, 395, 145 N. W. 42; *Milwaukee v. Locher & S. Co.* 164 Wis. 167, 159 N. W. 815; *Milwaukee v. Filer & Stowell Co.* 161 Wis. 426, 154 N. W. 625; *Baraboo v. Dwyer,* 166 Wis. 372, 165 N. W. 297.

It is perhaps unfortunate that, in many of these actions brought to recover such penalties as are instanced in many of the cases above cited, the usual form of the judgment is that the defendant is found "guilty" of a violation of the specified ordinance, and that the same word "guilty" is used upon judgment of conviction in prosecutions for violation of penal statutes. The use of the term "guilty," however, in the former instance does not necessarily carry with it the idea of an adjudication that the defendant has done that which comes under the generic term "crime," which includes the specific terms "felony" and "misdemeanor." As used in the civil action for collection of forfeiture, it involves no more the element of criminality in the ordinary acceptance of the term than does the use of the word "guilty" as so generally used in the verdicts in actions for personal injury in which either one of the parties may be found to be "guilty" of a want of ordinary care proximately contributing to an injury.

The question whether a judgment against a defendant in such a civil action as this, which may be brought under sec. 3303, Stats., may, in the absence at least of a provision to that effect in the ordinance itself, provide for imprisonment in the county jail in default of payment of the adjudged penalty under sec. 3302, Stats., is not before us and we express no opinion on such question.

Counsel for *Waukesha County* insists that, the evidence being sufficient to show a violation of sec. 1636—49, Stats., providing for a maximum speed of thirty miles per hour on any highway outside of the corporate limits of a city or village and a violation whereof is punished under sec. 1636—54 by a fine of not less than $10 nor more than $100, taken in connection with sec. 4633, which authorizes the court to sentence by commitment to the county jail until such fines and costs are paid, this should be considered as a prosecution under such statute, and that the conviction and sentence of the court below should therefore be sustained as though this action were brought in the original instance under the state law.    It is sufficient to say that a civil action brought to collect a penalty payable to the county treasurer of *Waukesha County* cannot undergo any such form of judicial transformation so as to become an action to punish as for a misdemeanor a violation of a penal statute for which a defendant may be properly committed to jail.

From what appears, therefore, from this record now before us upon this writ of error, the judgment of the court below was unwarranted in manner and form and must be reversed and the proceedings dismissed.

*By the Court.*—The judgment of the court below is reversed, and the action remanded with directions to dismiss the proceedings.