TERRY REBHOLZ, Deputy Assistant District Attorney, Waupaca County
You have asked for my advice on certain questions relative to the issuance, form, and usage of a bench warrant.
Your first question reads: "can a Bench Warrant be directed to any law enforcement officer in the State or must it be directed, as ours are, to the County officials only?" (Emphasis yours.)
Absent statutory authorization, an arrest may not be made under a warrant outside the territorial jurisdiction of the court or magistrate issuing the warrant. See 61 A.L.R. 377, "Territorial extent of power to arrest under a warrant."
Section 968.09 (1), Stats., is silent regarding to whom a warrant may be directed. That section provides:
"When a defendant or a witness fails to appear before the court as required, or violates a term of his bond or his probation, if any, the court may issue a bench warrant for his arrest which shall direct that he be brought before the court without unreasonable delay. The court shall state on the record at the time of issuance of the bench warrant the reason therefor."
It is evident that other statutes must be examined in order to determine who may receive and execute bench warrants. Arrest statutes may be construed in pari materia. State v. Klein (1964),25 Wis.2d 394, 404, 130 N.W.2d 816. It is reasonable to conclude that the officers who may be directed to execute other arrest warrants may also be directed to execute bench warrants.
The initial arrest warrant may be addressed to "any" law enforcement officer. Section 968.04 (3)(a) 7., Stats. The warrant shall be directed to "all" law enforcement officers of the state and may be served anywhere in the state. Section 968.04 (4)(a), Stats. Since a bench warrant has been treated as a process which runs throughout the state (22 C.J.S., Criminal Law, § 404;State v. Fabisinski (1933), 152 So. 207, 211, 111 Fla. 454) the legislature must have intended the bench warrant to be directed to and executed by the same officers as in the case of original warrants. *Page 210 
It is my opinion, therefore, that a bench warrant may be directed to all law enforcement officers in the state and may be addressed to any law enforcement officer. I should add that which officer is addressed or directed to execute a warrant is of questionable importance. For a law enforcement officer may make an arrest although the warrant is not in his possession so long as it has been issued somewhere in this state. Sections 968.04
(4)(c) and 968.07 (1)(b), Stats.
Your second question reads: "Does the use of a Bench Warrant and to which law enforcement officers it is directed vary as to whether the defendant is charged with violating a State law or a County ordinance?"
Section 968.09 is silent on this question. The only distinction made in ch. 968 as to the nature of the offense for which the warrant is issued is in sec. 968.07, which provides:
"(1) A law enforcement officer may arrest a person when:
"(a) He has a warrant commanding that such person be arrested; or
"(b) He believes, on reasonable grounds, that a warrant for the person's arrest has been issued in this state; or
"(c) He believes, on reasonable grounds, that a felony warrant for the person's arrest has been issued in another state; or
"(d) There are reasonable grounds to believe that the person is committing or has committed a crime.
"* * *."
It should be noted, first, that "A law enforcement officer" may arrest under the enumerated grounds. The statute does not distinguish between particular officers who may arrest pursuant to warrants. Second, the arrests may be made by such officers on the basis of "a warrant." The statute does not distinguish between bench warrants and original warrants. Third, sec. 968.07
(1)(b) specifically authorizes such officers to arrest under warrants "issued in this state," but such arrests under warrants issued in another state are restricted to felony warrants under sec. 968.07 (1)(c). Thus, the only distinction as to geography concerns felony warrants issued in *Page 211 
another state. There is no distinction as to locus of origin of a warrant as between state laws and county ordinances.
In my opinion, therefore, neither the use of a bench warrant nor the law enforcement officer to whom it is directed is affected by whether the defendant is charged with a county or a state law violation. The legislative intent is that any warrant can be directed to any law enforcement officer in the state. See sec. 59.25 (1), Stats.
Your third question reads: "Should there be a special type of Bench Warrant where a defendant in a traffic case fails to appear?"
In view of my opinion that sec. 968.04 must be examined to determine which officers may be directed to execute warrants, it follows that this same section must be adhered to closely with respect to the desired format of a bench warrant. The form set forth in sec. 968.04 (3)(a) 7. cannot, of course, be followed literally. This basic structure, it is suggested, should be modified to reflect that the warrant is being issued in such a traffic forfeiture action, and it would be well to include a brief but appropriate recital of those circumstances authorizing issuance of such warrants in the particular traffic forfeiture action wherein it is needed.
Your fourth question reads: "If a special type of Bench Warrant is needed for failure to appear in certain cases, what is the recommended format?"
In response to this question, let me first of all say that I do not think it possible for me to prescribe forms of bench warrants which would constitute proper forms thereof for use in every conceivable case. Instead, let me direct your attention to the following language, relative to the form and contents of a bench warrant, appearing in 22 C.J.S., Criminal Law, § 404:
"Statutory provisions as to the form and contents of bench warrants or other process after indictment should be complied with; but process will not be held invalid for mere irregularities. A bench warrant should state the fact of indictment and the offense. It is sufficient, however, if it recites the fact of indictment and describes the offense generally. It need be no more precise and accurate than is sufficient to apprise the prisoner of the charge against him." *Page 212 
With your letter to me of November 2, 1972, you enclosed a sample of the bench warrant you are presently using, and requested an opinion on its adequacy. Such bench warrant is directed to, "Sheriff, Waupaca County or any Peace Officer, Waupaca County" and it reads: "You are commanded to apprehend the above defendant, _______, and bring him before the Court forthwith. He failed to appear in Court on _______ (for first appearance) (for trial to the Court) (for jury trial)."
The form of this bench warrant appears adequate to me, although I would suggest that it be addressed to "any law enforcement officer."
RWW:CDH