DOUGLAS E. BREISCH, News Director WIZM, La Crosse
Pursuant to sec. 19.98, Stats., you request my advice whether a city council can reimburse a council member for legal expenses incurred in defending an action in which such member has been charged with a violation of the open meeting law. *Page 227 
I am of the opinion that no reimbursement can be made where a judgment of forfeiture is entered except in a case where the certificate of the trial judge states that the action invokes the constitutionality of a statute, not theretofore construed by a court of record, which relates to the performance of the official duties of such officer. In such latter case, payment is at the discretion of the council. Where action for forfeiture has been commenced and discontinued or dismissed or determined favorably to such officer, the city council may in its discretion pay all reasonable expenses of such officer in defense of said officer. I am of the opinion that sec. 895.35, Stats., would be applicable to a forfeiture action brought under sec. 19.96, Stats., but that sec. 895.46, Stats., would not be applicable. By reason of theexpress language of sec. 19.96, Stats., I am of the opinion that a city council could not directly pay a forfeiture incurred by a member for violation of such section and could not reimburse such member for any forfeiture incurred. The specific statute governs over the general reimbursement statute, sec. 895.35, Stats., and would govern over the other general reimbursement statute, sec.895.46(1), Stats., even if the latter were applicable to forfeiture actions; and I conclude it is not.
Section 19.96, Stats., provides in material part:
 "19.96 Penalty. Any member of a governmental body who knowingly attends a meeting of such body held in violation of this subchapter, or who, in his or her official capacity, otherwise violates this subchapter by some act or omission shall forfeit without reimbursement not less than $25 nor more than $300 for each such violation . . . ." (Emphasis added.)
Section 19.97(1) and (4), Stats., provides in material part:
 "(1) . . . In actions brought by the attorney general, the court shall award any forfeiture recovered together with reasonable costs to the state; and in actions brought by the district attorney, the court shall award any forfeiture recovered together with reasonable costs to the county."
 "(4) If the district attorney refuses or otherwise fails to commence an action to enforce this subchapter within 20 days after receiving a verified complaint, the person making such complaint may bring an action under subs. (1) to (3) on his or her relation in the name, and on behalf, of the state. In such *Page 228 
actions, the court may award actual and necessary costs of prosecution, including reasonable attorney fees to the relator if he or she prevails, but any forfeiture recovered shall be paid to the state." (Emphasis added.)
A suit to compel payment of a forfeiture is a civil action. Where not set forth in sec. 19.97(1) and (4), Stats., procedure is controlled by ch. 288, Stats. Also see State v. Roggensack,15 Wis.2d 625, 113 N.W.2d 389 (1962).
Section 895.35, Stats., would be applicable to an action against a council member for violation of the open meeting law, and provides:
 "895.35 Expenses in actions against municipal and other officers. Whenever in any city, town, village, school district, vocational, technical and adult education district or county charges of any kind are filed or an action is brought against any officer thereof in his official capacity, or to subject any such officer, whether or not he is being compensated on a salary basis, to a personal liability growing out of the performance of official duties, and such charges or such action is discontinued or dismissed or such matter is determined favorably to such officer, or such officer is reinstated, or in case such officer, without fault on his part, is subjected to a personal liability as aforesaid, such city, town, village, school district, vocational, technical and adult education district or county may pay all reasonable expenses which such officer necessarily expended by reason thereof. Such expenses may likewise be paid, even though decided adversely to such officer, where it appears from the certificate of the trial judge that the action involved the constitutionality of a statute, not theretofore construed, relating to the performance of the official duties of said officer."
It is my opinion that the provision of sec. 895.46(1), Stats., would not require or authorize a city council to reimburse a member for the forfeiture or reasonable expenses incurred in the defense of a forfeiture action brought pursuant to sec. 19.96, Stats.
Section 895.46(1), Stats., is only applicable where the action or special proceeding is brought for the purpose of securing a judgment for damages. Section 895.46(1), Stats., was formerly sec. 270.58, Stats. (1973). *Page 229 
In Cords v. Ehly, 62 Wis.2d 31, 37, 38, 214 N.W.2d 432 (1974), it was stated:
 ". . . it is clear that in enacting sec. 270.58, Stats., the legislature contemplated that state employees were subject to suit in tort under the law of Wisconsin and wished gratuitously to shield them from monetary loss in such suits.
"* * *
 ". . . Sec. 270.58 does not become applicable until after a judgment of liability is entered."
By the latter statement the court means that any liability on the part of the state to pay a claim for damages did not arise until after entrance of a judgment of liability on the part of the officer or employes.
A judgment imposing a forfeiture is not a judgment of damages as that term is used in sec. 895.46(1), Stats. A forfeiture does not constitute damages any more than does a criminal fine. A forfeiture, as used in sec. 19.96, Stats., and a criminal line are both in the nature of a penalty. Any forfeiture recovered under sec. 19.96, Stats., is payable, by reason of sec. 19.97(1) and (4), Stats., to the state or county. It never goes to a private person who may sue to enforce its collection.
Section 288.01, Stats., provides:
 "Where a forfeiture imposed by statute shall be incurred it may be recovered in a civil action unless the act or omission is punishable by fine and imprisonment or by fine or imprisonment. The word forfeiture, as used in this chapter, includes any penalty, in money or goods." (Emphasis added.)
In State v. Mando Enterprises, Inc., 56 Wis.2d 801,203 N.W.2d 64 (1973), it was stated that this definition of forfeiture applies only to ch. 288, Stats.; however, that is the chapter with which we are concerned.
Section 895.46(1), Stats., does not refer to forfeiture actions, directly or indirectly. I am of the opinion that the Legislature could not have intended that it apply to forfeiture actions which involve state, county or municipal officers or employes. Statutes should be construed to avoid an absurd result. Where the district attorney *Page 230 
prosecutes a forfeiture action under sec. 19.97(1), Stats., the forfeiture is payable to the county which also bears the cost of prosecution. Construction of sec. 895.46(1), Stats., to require the county to also pay the judgment of forfeiture, costs, and attorneys' fees of a county official adjudged to be in violation of the open meeting law would lead to an absurd result. Similar absurdity would result if sec. 895.46(1), Stats., were construed to require a city to pay the judgment of forfeiture, costs, and attorneys' fees of a city official adjudged to be in violation of the open meeting law even where such official had timely requested and had been denied legal representation. A city may directly provide its officials with legal representation to defend alleged violations of the open meeting law, and may, insofar as sec. 895.35, Stats., permits, reimburse such officials for reasonable expenses incurred, but cannot reimburse for any forfeiture imposed, and cannot utilize the provisions of sec.895.46(1), Stats., with respect to the payment of judgments for forfeitures, costs or attorneys' fees.
You also inquire whether a council member can have legal fees incurred in defending an action, in which such member has been charged with a violation of the open meeting law, paid by a liability insurance policy covering city officials
Section 66.18, Stats., empowers municipalities to procure liability insurance to cover their officers, agents and employes. If a policy were available it is my opinion that the same tests as given above would apply as to the payment of legal costs or forfeiture. It is my opinion that such officer could not be reimbursed, indirectly, for payment of the "forfeiture," from a policy purchased by the municipality. Section 19.96, Stats., prohibits the municipality from direct reimbursement of any forfeiture imposed, and that which is prohibited directly cannot be accomplished by indirect means involving payment of public funds by the municipality.
BCL:RJV