JOHN D. OSINGA, District Attorney Portage County
You have requested my opinion as to whether a bench warrant can be issued when an alleged violator has been issued a county ordinance violation citation pursuant to sec. 66.119 (1), Stats., and that violator neither makes a cash deposit nor appears in court on the date specified in the citation. Citations issued pursuant to sec. 66.119, Stats., involve violations of county ordinances that do not have statutory counterparts.
You state that you have formed a tentative opinion that a bench warrant cannot be issued under the described circumstances. I agree. In a follow-up question, you ask whether a bench warrant may issue in the course of an action commenced under ch. 778, Stats. In my opinion, it may not.
This opinion addresses the following issues:
 1. Whether there is statutory authority for the issuance of a bench warrant when a person who has been cited pursuant to sec. 66.119, Stats., fails to make a cash deposit by the citation return date and also fails to appear on the citation return date.
 2. Whether the circuit court has inherent authority to issue a bench warrant or a similar order under such circumstances.
 3. Whether there is statutory authority for the issuance of a bench warrant in the context of an action to collect the forfeiture under ch. 778, Stats. *Page 281 
 Statutory authority for issuance of a bench warrant at citation return date.
Section 66.119 (3), Stats., prescribes the procedures to be followed in a court at the appearance date given in a citation. In regard to the circumstances that are the subject of your letter, sec. 66.119 (3)(c), Stats., states in part:
 [I]f the alleged violator does not make a cash deposit and fails to appear in court at the time specified in the citation, an action for collection of the forfeiture and penalty assessment may be commenced. . . . [A] county or town may commence action under s. 778.10. The citation may be used as the complaint in the action for the collection of the forfeiture and penalty assessment.
Consistent with the above-quoted provision, sec. 66.119 (1)(b)7.d., Stats., requires that the citation form include a statement that: "[i]f the alleged violator does not make a cash deposit and does not appear in court at the time specified, an action may be commenced against the alleged violator to collect the forfeiture and the penalty assessment imposed by s. 165.87."
You ask whether under these circumstances, the county may seek a bench warrant. I am of the opinion that a bench warrant cannot be issued pursuant to the authority of sec. 66.119, Stats., or any arguably related section. There are several reasons for this conclusion.
First, there is no explicit authority in sec. 66.119, Stats., for the issuance of a bench warrant at this stage of proceeding.
Moreover, the above-quoted provisions, secs. 66.119 (3)(c) and 66.119(1)(b)7.d., Stats., create the strong inference that the Legislature intended that a bench warrant ought not issue in this situation. For example, the notice required by sec. 66.119(1)(b)7.d., Stats., is that the county may commence a forfeiture action if the violator does not make a cash deposit and does not appear in court at the time specified. The required notice implies that this is the only consequence the Legislature intended the violator to face in the event he or she elects not to appear and not to post the cash deposit. *Page 282 
Second, the inference regarding the legislative intent gleaned from a review of the text of sec. 66.119, Stats., is supported by a comparison of sec. 66.119, Stats., with similar provisions. For example, the Legislature has provided for the issuance of a bench warrant and notice to the violator that a bench warrant may issue in similar situations in statutes regulating the procedure for enforcement of other types of citations. See, for example, secs.800.02 (2)(a)(9), 800.04 (2)(c), Stats., relating to municipal court procedures. Obviously, the Legislature is aware that it could authorize the issuance of a bench warrant under these circumstances. Therefore, we may reasonably infer that the Legislature intended that the commencement of a civil action be the only potential consequence faced by the violator who elects to do nothing after receiving a citation issued pursuant to sec. 66.119, Stats.
It is also my opinion that sec. 968.09, Stats., does not constitute authority for issuance of a bench warrant instead of or in addition to the remedies set forth in sec. 66.119, Stats. Section 968.09, Stats., begins: "When a defendant or a witness fails to appear before the court as required" (emphasis added). Section 968.09, Stats., was designed to function where a defendant or witness fails to make a mandatory appearance. It cannot be utilized when a defendant misses an optional appearance.
It is clear that the appearance time given in a citation issued pursuant to sec. 66.119, Stats., is an optional appearance. The provisions of sec. 66.119 (3), Stats., entitled "Violator's Options; Procedure on Default," make it clear that a violator is not required to do anything after receiving a citation. The violator may elect not to appear in court and not to post a deposit, although the violator may then be sued under ch. 778, Stats. Nowhere in sec. 66.119(3), Stats., is there any language that supports the proposition that a violator cited pursuant to sec. 66.119, Stats., must appear in court.
You raise the question of whether 62 Op. Att'y Gen. 208 (1973), is authority for the issuance of a bench warrant in this situation. This opinion was issued prior to the creation of sec. 66.119, Stats. in 1975; therefore, that opinion was issued without reference to the provisions of sec. 66.119, Stats. Also, that opinion did not deal with the same questions. Rather, it presumed a properly issued bench warrant and *Page 283 
discussed the effectiveness of that bench warrant throughout the state. The opinion did not touch upon the foundation question of when, if ever, the court may issue a bench warrant under sec.968.09, Stats., in the course of a county ordinance enforcement proceeding. In short, 62 Op. Att'y Gen. 208 (1973), should not be read to extend the authority contained in sec. 66.119 (3), Stats., or in sec. 968.09, Stats., to support the issuance of a bench warrant in the circumstance you refer to.
 Inherent power of the circuit court to issue a bench warrant or similar order on the citation return date.
I am also of the opinion that the circuit court judge does not have inherent power to issue a bench warrant or similar order in the situation where an alleged violator cited pursuant to sec. 66.119, Stats., does not post a cash deposit and does not appear on the citation return date. Of course, courts do have inherent authority to issue all orders "essential to the existence of the court and necessary to the orderly and efficient exercise of the court's jurisdiction." State v. Braunsdorf, 92 Wis.2d 849, 851,286 N.W.2d 14 (Ct.App. 1979), aff'd 98 Wis.2d 569,297 N.W.2d 808 (1980). Given this precept, the issue is whether a court can properly issue a bench warrant or a similar order in aid of the exercise of its jurisdiction under sec. 66.119, Stats. A review of the jurisdictional provisions of sec. 66.119, Stats., is helpful.
In the situation that we are concerned with, unless the alleged violator makes a voluntary appearance at the citation return date, the court has no personal jurisdiction over the violator, limited subject matter jurisdiction and no civil action for the recovery of a forfeiture has been commenced. Section 66.119 (2)(b), Stats., provides:
 The issuance of a citation by a person authorized to do so under par. (a) shall be deemed adequate process to give the appropriate court jurisdiction over the subject matter of the offense for the purpose of receiving cash deposits, if directed to do so, and for the purposes of (3)(b) and (c). Issuance and filing of a citation does not constitute commencement of an action. *Page 284 
Section 66.119(3)(b), Stats., states in part: "If a person appears in court in response to a citation, . . . such appearance confers personal jurisdiction over the person."
Unless the violator voluntarily appears in court, the court's subject matter jurisdiction is severely circumscribed. For example, if the violator has posted a cash deposit, the court may enter judgment based on an implied plea of no contest. It is obviously neither necessary nor appropriate for the court to issue a bench warrant or similar order in aid of this limited subject matter jurisdiction especially where the court has no personal jurisdiction.
Assuming the court retains both its statutory and inherent power to respond to contempt of court in matters brought before it pursuant to sec. 66.119, Stats., this power does not encompass general authority for the issuance of a bench warrant or similar order simply because the defendant has not appeared at the citation return date. The violator is not required to appear at the citation return date under sec. 66.119, Stats.; therefore, there is nothing contemptuous about the failure of the violator to appear at the citation return date.
III.
 Statutory authority for the issuance of a bench warrant in the course of a proceeding under ch. 778, Stats.
There does not appear to be authority for the issuance of a bench warrant upon the mere default of a defendant to answer or otherwise appear in an action commenced under ch. 778, Stats. Because such an action is purely a civil action, the bench warrant, which is a statutorily created tool of criminal procedure, cannot be issued in these actions.
Section 778.10, Stats., authorizes counties to sue and recover forfeitures "pursuant to this chapter." Section 778.01, Stats., states with regard to statutory forfeitures that they may be "recovered in a civil action unless the act or omission is punishable by fine and imprisonment or by fine or imprisonment." The procedures for such "civil actions" are set forth in ch. 778, Stats. Therefore, an action based on ch. 778, Stats., is a civil action. *Page 285 
The proposition that actions instituted pursuant to ch. 778, Stats., are civil is supported by several Wisconsin cases and an opinion of the Attorney General all of which categorize actions under ch. 778, Stats., or its predecessor, ch. 288, Stats., as civil actions. See, e.g., Neenah v. Alsteen, 30 Wis.2d 596,142 N.W.2d 232 (1966); Kuder v. State, 172 Wis. 141, 178 N.W. 249
(1920) and 66 Op. Att'y Gen. 226 (1977). In Neenah, the court contrasted the "purely civil" action contained in ch. 288, Stats. (the statutory predecessor of ch. 778, Stats.), with the quasi-criminal procedures available to municipalities under other statutes. 30 Wis.2d at 600. In addition, in Neenah, the court reviewed a series of Wisconsin cases that held that the rules of civil procedure were applicable and the rules of criminal procedure were not applicable in actions for the collection of forfeitures. 30 Wis.2d at 601-02.
Obviously the procedures available to the plaintiff in an action involving a county ordinance violation cited under sec. 66.119, Stats., are far more cumbersome than the procedures available for enforcement of municipal ordinances and the collection of municipal forfeitures. See, secs. 800.02, 800.04, Stats. You may wish to seek amendment of the provisions of sec. 66.119, Stats., so that your enforcement and collection efforts could benefit from the types of procedures available to municipal authorities. Absent legislative amendment, I believe that your county ordinance enforcement under sec. 66.119, Stats., is a purely civil matter and that your enforcement and collection procedures must track the civil rather than the criminal process.
BCL:DN