GLENN L. HENRY, Corporation Counsel Dane County
You request my opinion as to whether the Board of Supervisors of Dane County has authority to enact an ordinance to regulate, through licensing, the operation of motor vehicle race tracks in unincorporated areas of the county. The proposed ordinance would define "motor vehicle" to include any self-propelled motor driven device, with the exception of railroad trains. It would include midget and large ears, motorcycles and snowmobiles. The ordinance purports to be applicable to both private and publicly owned areas. Motor vehicle race track is defined therein as "any place, whether on land or ice-bound waters, whereon a motor vehicle race of any type is held." The proposed annual license fee would be $250.00 and, in addition, a permit fee of $25.00 would be required for each day races were held. Certification as to track and spectator safety, adequate security force and ambulance and emergency medical personnel and public liability policy in the amount of one million dollars would be required. Certification by the Dane County Zoning Administrator as to compliance with Zoning ordinances and from the Dane County Health Department as to the adequacy of plumbing and sanitary facilities would also be required as well as certification from the local fire department concerning the adequacy of on site facilities for the safe storage and handling of flammable fuels and for safe evacuation of persons from the premises in case of fire or other emergency. The proposed ordinance purports to be grounded on sections 59.07
(18) and 59.07 (64), Stats.
In my opinion, the County Board of Supervisors has the power to adopt and enforce such an ordinance.
Counties are auxiliaries of the state and can exercise only powers as are conferred upon them by statute or such as are necessarily implied therefrom. Spaulding v. Wood County,218 Wis. 224, 260 N.W. 473 (1935); Maier v. Racine County, 1 Wis.2d 384,84 N.W.2d 76 (1957); State ex rel. Conway v. Elvod,70 Wis.2d 448, 234 N.W.2d 354 (1975). I am of the opinion, however, that the power to regulate race track activities is necessarily implied from powers granted in section 59.07 (intro.), (18) and (64), which provides in part: *Page 131 
 The board of each county may exercise the following powers, which shall be broadly and liberally construed and limited only by express language:
. . . .
 (18) AMUSEMENTS, REGULATION. (a) Exercise outside of cities and villages all the powers conferred on cities to regulate dance halls, roadhouses and other places of amusement.
 (b) Enact ordinances to regulate, control, prohibit and license dance halls and pavilions, amusement parks, carnivals, street fairs, bathing beaches and other like places of amusement. Such ordinances shall provide for license fees yielding as nearly as possible sufficient revenues for administering their provisions. . . .
. . . .
 (d) Ordinances enacted by a board under par. (b) or (c) shall not apply to any city or village which by ordinance regulates and controls such places.
. . . .
 (64) PEACE AND ORDER. Enact ordinances to preserve the public peace and good order within the county.
You are concerned that section 59.07(18) might not be applicable because of the rule of ejusdem generis that general words, following enumerated words in a statute, are restricted to a sense analogous to the less general. Cheatham v. State,85 Wis.2d 112, 124, 270 N.W.2d 194 (1978). You state that a motor vehicle race track is not analogous to the places of amusement enumerated in section 59.07 (18) since persons attending motor vehicle races attend as spectators rather than as active participants. I do not agree since all of the activities set forth have both spectators and participants as do motor vehicle races. They are all similar to a degree in that they involve crowd concentrations and health and safety considerations. SeeMehlos v. Milwaukee, 156 Wis. 591, 599-601, 146 N.W. 783 (1914), in which the court discussed the need for reasonableness with respect to city regulations enacted under the police power.
A racetrack is a place of amusement. Gottlieb v. SullivanCounty Harness Racing Ass'n., 269 N.Y.S. 314, 25 A.D.2d 798
(1966). It must be conceded that a motor vehicle race track is a place of amusement which a city can regulate and paragraph (a) of section 59.07 (18) uses the words "other places of amusement" rather than *Page 132 
"other like places of amusement" employed in (b). The introduction to section 59.07 states that "[t]he board . . . may exercise the following powers, which shall be broadly andliberally construed and limited only by express language." In my opinion, authority granted a county board under section 59.07
(18)(a) to "[e]xercise outside of cities and villages all thepowers conferred on cities to regulate . . . other places of amusement," and authority granted in section 59.07 (18)(b), which is applicable to all areas in a county, to regulate and license the activities and places enumerated including "other like places of amusement," would, as broadly and liberally construed, include the power to regulate and license motor vehicle track racing by reasonable means. I am aware of section 175.20, which refers to places of amusement set forth in section 59.07 (18)(b)
In State v. Village of Lake Delton, 93 Wis.2d 78, 117,286 N.W.2d 622 (1978), it was held that an ordinance regulating waterski exhibitions by prohibiting them unless licensed and confining them to certain locations and times was a valid exercise of village powers and did not offend the public trust doctrine. That ordinance was grounded on section 30.77 (3) which empowers municipalities to enact boating regulations and section61.34 (1) which embodies the general grant of police powers to villages. The court held that "secs. 30.77 (3) and 61.34 (1) together confer sufficient authority to enact the regulation here at issue."
Section 59.07 (64) which empowers a county board to enact ordinances to "preserve the public peace and good order within the county" is supportive of power to regulate race tracks through licensing. "The power to regulate ordinarily includes the power to license when such power is necessary to proper regulation." Milwaukee v. Filer Stowell Co., 161 Wis. 426, 428,154 N.W. 625 (1915). The same rule is stated at 9 McQuillinMunicipal Corporations § 26.27 (3d ed. 1978). The basis for licensing as a means of regulation of race tracks is quite different than requiring a license from each holder of an alarm system which was questioned in 72 Op. Att'y Gen. 153, 155 (1983). Regulation of race tracks is grounded on preserving the public peace and good order of the county and health, welfare and safety considerations.
We are not concerned with an area within which the state has preempted regulation. See 46 Op. Att'y Gen. 184 (1957). The proposed ordinance does not appear to be in conflict with section *Page 133 350.04, which enables counties, towns, cities and villages to regulate snowmobile races. State statutes, other than section 93.24 (5), do not specifically address regulation of off-highway motor vehicle racing. Section 93.24 (5) is concerned with the use of mufflers on motor vehicles used on the state fairgrounds in racing competition or practice. Any ordinance must be reasonable. In my view, the proposed ordinance does not infringe on constitutionally protected rights of freedom of speech or assembly. See Milwaukee, Etc. v. Milwaukee County Park Com'n,477 F. Supp. 1210 (E.D. Wis. 1979).
Due process and equal protection considerations with respect to reliance upon section 59.07 (64) in regulation matters were discussed in 60 Op. Att'y Gen. 158 (1971) and will not be restated here. That opinion stated that section 59.07 (64) provided authority for the enactment of a county ordinance regulating the sale of beverages in disposable bottles. In 56 Op. Att'y Gen. 126 (1967), section 59.07 (64) was cited as authority for enactment of a county curfew ordinance applicable to areas outside cities and villages.
In Stetzer v. Chippewa County, 225 Wis. 125, 273 N.W. 525
(1937), the court upheld the power of a county to regulate dance halls by licensing under a statute somewhat similar to section59.07 (18)(b). The court stated:
 The court, in the Mehlos Case, supra, sustained the delegation of power to cities to regulate dancing. Further, sec. 22, art. IV, Const., provides:
 "The legislature may confer upon the boards of supervisors of the several counties of the state such powers of a local, legislative and administrative character as they shall from time to time prescribe."
. . . .
 On the right of regulation in general, as a proper subject for exercise of police power, see annotation 48 A.L.R. 144, 60 A.L.R. 173.
 In construing sec. 22, art. IV, Const, the court in Supervisors of La Pointe v. O'Malley, 47 Wis. 332, 336, 2 N.W. 632, 635. said: *Page 134 
 "We are inclined to hold that when any subject of legislation is entrusted to said county boards, by general words, such boards acquire the right to pass any ordinance necessary or convenient for the purpose of disposing of the whole subject so committed to them; and that, for the purpose of disposing of such subject they have all the powers which the legislature itself would have over the same subject, unless the legislature, in conferring such power, has restricted the power of the boards, or directed that it should be done in a certain way." Lund v. Chippewa County, 93 Wis. 640, 646, 67 N W. 297; State ex rel. Rose v. Superior Court of Milwaukee County 105 Wis. 651, 673, 81 N.W. 1046.
 The right to regulate public dances and dance halls necessarily implies the right to enforce closing hours. In the Pumplin Case, supra, the court held that the county board, under its delegated authority, had the right to prohibit "public amusements operated in disregard or violation of the regulatory provisions of such ordinances."
In my opinion, motor vehicle race tracks as defined in the proposed ordinance are places of amusement which are subject to reasonable regulation by licensing by a county board under section 59.07 (18) and (64).
BCL:RJV