DEBRA WOJTOWSKI, Corporation Counsel Pierce County
Your predecessor wrote that he was aware of a county that has authorized the issuance of citations for violations of ordinances for which there are statutory counterparts. The county has ordinances modeled after sections 947.01 (disorderly conduct);943.24 (issuance of worthless checks); 161.41 (3) (possession of marijuana); 943.20 (theft); 943.01 (damage to property); 943.13
and 943.14 (trespassing); 49.12 (misuse of public assistance);940.19 (battery); 946.41 (obstructing); and 941.23, Stats. (carrying a concealed weapon). Pierce County has many of the same ordinances and would like to use citations rather than enforcing them by issuing summonses and complaints.
Your predecessor asked whether a county may authorize the use of a citation to be issued for violations of ordinances for which the listed statutory counterparts exist. He concluded that the county does not have the authority. I agree.
Pursuant to section 66.119, a county may by ordinance adopt and authorize the use of a citation to be issued for violations of ordinances other than those for which a statutory counterpart exists. There is no statutory authority, however, for counties to use the citation for violations of the listed ordinances for which a statutory counterpart does exist.
The citation authorized by section 66.119 invites the defendant to either make an optional court appearance or to make a cash deposit by a specified date. See sec. 66.119 (1)(b)6. and 7., Stats.; and 70 Op. Att'y Gen. 280, 282 (1981). The statute provides that issuance of the citation gives the appropriate court subject matter jurisdiction of the offense for the purpose of receiving cash deposits, imposing a forfeiture if the defendant appears in court in response to the citation or entering judgment upon the citation and *Page 212 
the cash deposit if the defendant does not appear. See sec. 66.119 (2)(b) and (3)(b) and (c), Stats.
If the defendant appears in court, the appearance gives the court personal jurisdiction and the citation may be used as the initial pleading, unless the court directs that a formal complaint be made. Sec. 66.119 (3)(b), Stats.
If the defendant neither makes a cash deposit nor appears in court, the county may commence an action under section 778.10 for the collection of the forfeiture. See sec. 66.119 (3)(c), Stats. Such an action is commenced with the filing of a summons and complaint. See secs. 778.015, 801.01 and 801.02 (1), Stats. The issuance and filing of the citation, however, does not commence an action. See sec. 66.119 (2)(b), Stats.
Citations should not be issued by the county for violations of ordinances for which there is a statutory counterpart unless there is some statutory authority to do so. Such citations are not authorized by section 66.119. If citations are issued for the ordinance violations listed above, there is no provision for a court to have subject matter or personal jurisdiction to collect deposits, or to hear the proceedings if the defendant appears. Also, the fact that section 66.119 (2)(b) provides that issuance of the authorized citation does not violate section 946.68
implies that the issuance of unauthorized citations would be a violation. Section 946.68 prohibits sending or delivering to another any document which simulates a summons, complaint or court process with intent to induce payment of a claim. See also
38 Op. Att'y Gen. 61 (1949), discussing section 348.60 which was an earlier version of section 946.68.
I also agree with your predecessor's conclusion that section59.07 (64) does not authorize the use of citations in the case of ordinances with statutory counterparts. Section 59.07 (64) authorizes counties to "[e]nact ordinances to preserve the public peace and good order within the county." That gives the county the authority to enact the substantive ordinances controlling conduct; but it does not authorize the use of citations in the enforcement of the ordinances.
In summary, in the absence of a statute authorizing the issuance of citations for the violation of ordinances that have the listed *Page 213 
statutory counterparts, I agree with your predecessor's conclusion that citations cannot be used for the violations of those ordinances.
DJH:SWK *Page 214